EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Querella |
| | |
| Luis E. Rodríguez Santiago | 2002 TSPR 74 |
| | 156 DPR _____ |

Número del Caso: AB-2001-221

Fecha: 15/mayo/2002

Oficina del Procurador General:
                        Lcda. Noemí Rivera De León
                        Procuradora General Auxiliar

Abogado de la Parte Querellada:
                        Por Derecho Propio

Materia: Conducta Profesional
        (La suspensión es efectiva desde el 22 de mayo de 2002, fecha en
        que se le notificó al abogado la Opinión y Sentencia del Tribunal)

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correcciones del proceso
        de compilación y publicación oficial de las decisiones del
        Tribunal. Su distribución electrónica se hace como un servicio
        público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Luis E. Rodríguez Santiago          AB-2001-221

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 15 de mayo de 2002

Con motivo de un incidente ocurrido el 13 de septiembre de 2001 en la Sala Superior de Ponce del Tribunal de Primera Instancia --relacionado el mismo con uno de los casos en dicho día señalados para vista-- entre el magistrado que presidía los procedimientos, Hon. Melvin E. Maldonado Colón, y el Lcdo. Luis E. Rodríguez Santiago, el referido magistrado ordenó que se transcribiera lo allí acontecido y se elevara dicha transcripción a este Tribunal.

Examinada la referida transcripción, mediante Resolución de 7 de diciembre de 2001 referimos el asunto a la Oficina del Procurador General de Puerto Rico para investigación e informe. Con fecha de 11 de febrero de 2002, el

Procurador General radicó ante este Tribunal un excelente Informe, en el cual concluye que el abogado Rodríguez Santiago "...incurrió en posible violación al Canon 9 de Ética Profesional".

Mediante Resolución de 27 de febrero de 2002, le concedimos término al Lcdo. Rodríguez Santiago para que se expresara respecto al Informe rendido por el Procurador General. Así lo hizo. En su comparecencia, el mencionado abogado expresa que los "hechos relevantes, básica y sencillamente, no están en controversia". Difiere, sin embargo, de la conclusión del Procurador General sobre posible violación, de su parte, de las disposiciones del Canon 9 de Ética Profesional.

I

El día 13 de septiembre de 2001, al ser llamado para el acto del juicio el caso, por delito menos grave, del Pueblo de Puerto Rico v. Jaime Acosta Ortiz en la Sala Superior de Ponce del Tribunal de Primera Instancia, el "fiscal de sala" le informó al magistrado que presidía los procedimientos: que la prueba de cargo estaba presente, razón por la cual el ministerio público se encontraba preparado; que el abogado de récord del acusado ya no trabajaba en la Sociedad para Asistencia Legal; y que los abogados de la referida Sociedad se encontraban "en huelga". En vista de dicha situación, el Juez Maldonado Colón designó, como abogado de oficio del acusado, al Lcdo. Rodríguez Santiago, abogado que se dedica a la práctica privada de su profesión y quien se encontraba presente en sala en dicho día.

El Lcdo. Rodríguez Santiago procedió, entonces, a informarle al tribunal que no aceptaba dicha designación; ello por varias razones, a saber: que aceptar la misma representaba actuar en contra de sus principios ya que quien representaba al acusado lo era la Sociedad de Asistencia Legal y él sentía mucho respeto por el derecho de los abogados de dicha Sociedad a estar en huelga y que, en todo caso, conforme a las disposiciones del Reglamento para la Asignación de Abogados de Oficio en Procedimientos de Naturaleza Penal, aprobado por el Tribunal Supremo de Puerto Rico, el juez venía en la obligación de asignar un abogado de oficio al acusado "conforme al turno correspondiente".

El Juez Maldonado Colón le informó al Lcdo. Rodríguez Santiago que el Tribunal Supremo había dejado en suspenso temporalmente las disposiciones del Reglamento a los cuales él hacía referencia, reafirmándose en la designación hecha, y solicitando, para efectos del récord, la dirección del abogado. El Lcdo. Rodríguez Santiago, en cinco ocasiones distintas, se negó a suministrar su dirección. En cuanto a este aspecto, procede que se señale, por último, que no obstante el magistrado haberle informado al abogado que estaba "desacatando" al tribunal, éste se reafirmó en su negativa tanto de asumir la representación legal del acusado como de suministrar su dirección, expresando que estaba en posición de asumir toda la responsabilidad que conllevaba la posición que había tomado.

El incidente, afortunadamente, no tuvo mayores consecuencias debido al hecho de que otro de los abogados allí

presentes se ofreció para asumir la representación del acusado, ofrecimiento que aceptó el magistrado.[1]

II

**La obligación de los abogados de brindar representación legal gratuita a las personas de escasos recursos, <u>en la esfera penal</u>, surge de la Constitución del Estado Libre Asociado y, en términos más específicos, de las Reglas de Procedimiento Criminal y del Primer Canon de Ética Profesional. A esos efectos, debemos señalar que el Artículo 11 de la Sección II de la Constitución del Estado Libre Asociado de Puerto Rico establece, <u>en lo pertinente</u>, que en "todos los procesos criminales, el acusado disfrutará del derecho ... a tener asistencia de abogado, ...".**

Por otro lado, las Reglas 57 y 159 de las de Procedimiento Criminal establecen, que en todo proceso criminal el tribunal vendrá obligado a informarle al acusado de su derecho a tener un abogado defensor y que del acusado interesar ser representado por abogado, y no contar con los medios para pagarlo, el tribunal designará un abogado que lo represente sin costo alguno para el acusado.

Finalmente, en cuanto a este punto, debemos enfatizar las disposiciones del Canon 1ro. de los de Ética Profesional, el cual

---

[1] Como surge de la transcripción de evidencia, la vista en su fondo pautada en el caso en controversia era respecto a un caso menos grave que estaba relacionado con un caso por delito grave.

Como era de esperarse, el magistrado luego de designar como abogado de oficio al abogado que, gentilmente, ofreció sus

por su importancia citamos íntegramente. Dispone el referido

Canon que:

> Constituye una obligación fundamental de todo abogado luchar continuamente para garantizar que toda persona tenga acceso a la representación capacitada, íntegra y diligente de un miembro de la profesión legal.
>
> **En la consecución de este objetivo el abogado debe aceptar y llevar a cabo toda encomienda razonable de rendir servicios legales gratuitos a indigentes, especialmente en lo que se refiere a la defensa de acusados y a la representación legal de personas insolventes. La ausencia de compensación económica en tales casos no releva al abogado de su obligación de prestar servicios legales competentes, diligentes y entusiastas.**
>
> También es obligación del abogado ayudar a establecer medios apropiados para suministrar servicios legales adecuados a todas las personas que no pueden pagarlos. Esta obligación incluye la de apoyar los programas existentes y la de contribuir positivamente a extenderlos y mejorarlos.

**Este Tribunal se enfrentó a esta situación en <u>Ramos Acevedo</u> v. <u>Tribunal Superior</u>, 133 D.P.R. 599 (1993). En la decisión que en dicho caso se emitiera, el Tribunal <u>enfatizó</u>, en lo pertinente, el hecho de que todo "...abogado es un oficial del tribunal y como tal viene obligado a ofrecer sus servicios legales cuando el tribunal le asigne a ello; que esta "obligación surge de manera implícita de la naturaleza y función eminentemente pública de la profesión legal"; y que constituyendo éste un deber histórico de la profesión legal, el "...aspirante al ejercicio de la profesión legal conoce, o debe conocer, esta tradicional práctica de la profesión a la**

---

servicios, <u>suspendió la vista del caso para que la misma se celebrara conjuntamente con el caso por delito grave</u>.

**que pretende unirse, por lo que, al ingresar a esta noble profesión, la hace suya".**

Luego de establecer la norma de asignar como abogados de oficio en casos criminales únicamente a aquellos abogados con experiencia en el campo de lo penal, y de rechazar que la misma resultaba inconstitucional en su aplicación, el Tribunal, sin embargo, reconoció en el referido caso que dicha práctica podía afectar, de manera irrazonable, la carga de trabajo de un abogado. En vista a ello, ordenó un estudio a fondo del problema por el Secretariado de la Conferencia Judicial, estudio que, como sabemos, desembocó en la aprobación por el Tribunal Supremo, en el año 1998, del "Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal".

En lo <u>pertinente</u> al asunto hoy ante nuestra consideración, debe señalarse que en la Regla 8 del mencionado Reglamento se establece que la asignación de abogados de oficio deberá hacerse en el <u>orden estricto</u> de la lista que le someta al tribunal la delegación de abogados de la región judicial en controversia. Por otro lado, en el Inciso (c) de la Regla 22 de dicho Reglamento, se expone que el tribunal podrá tomar en consideración, al momento de designar un abogado de oficio, entre otros, el <u>reparo</u> que pueda levantar el designado <u>ya sea por principios profesionales o personales</u>.

No hay duda que las razones expuestas por el Lcdo. Rodríguez Santiago, para no aceptar la designación de que fuera objeto en el presente caso, caerían bajo el Inciso (c) de la Regla 22 antes mencionada. <u>Ahora bien</u>, este Tribunal mediante Resolución de 31

de agosto de 2001 y debido, precisamente, a la situación de emergencia causada por la huelga de los abogados de la Sociedad de Asistencia Legal dejó en suspenso la disposición del Reglamento respecto al orden estricto a seguirse en la designación de abogados de oficio, esto es, la norma establecida por la Regla 8 de dicho Reglamento.

Para la fecha en que ocurrió el incidente en controversia —-13 de septiembre de 2001-- continuaba la situación de emergencia causada por la huelga de los abogados de la Sociedad de Asistencia Legal. Forzosa resulta la conclusión, en consecuencia, a los efectos de que el Juez Maldonado Colón tenía plena facultad para designar como abogado de oficio en el presente caso al Lcdo. Rodríguez Santiago; ello con el propósito de salvaguardar el derecho constitucional del acusado a tener representación legal.

## III

El Lcdo. Rodríguez Santiago, en justificación de su conducta, nos señala: que en todo momento, durante el incidente, se dirigió al tribunal de instancia "con dignidad, respeto y decoro" y que "en ningún momento [profirió] palabra soez o altisonante alguna"; que "nunca tuvo la intención de mancillar la dignidad ni honorabilidad del Honorable Juez Maldonado Colón, ni la del tribunal"; que "desconocía" la determinación del Tribunal Supremo dejando en suspenso la Regla 8 del antes mencionado Reglamento; que su negativa no estuvo basada en

"consideración de índole económica alguna"; y, por último, que actuó "convencido de que [estaba] actuando correctamente en defensa de [sus] principios...".

IV

Una lectura de la transcripción de evidencia revela que el Lcdo. Rodríguez Santiago "nunca utilizó lenguaje soez o altisonante" al dirigirse al tribunal de instancia durante el transcurso del incidente en controversia. Diferimos, sin embargo, de su señalamiento a los efectos de que su conducta no tuvo el efecto de menospreciar ni de mancillar al tribunal. El referido abogado en corte abierta, esto es, en presencia del público allí reunido, se negó, en un tono un tanto desafiante, a aceptar la designación como abogado de oficio que le hiciera el tribunal. Por otro lado, se negó, en cinco ocasiones distintas, a brindar su dirección al tribunal, a pesar de los pacientes requerimientos a esos efectos del magistrado que presidía los procedimientos. Ello, a nuestro juicio, denota un grave desprecio a la autoridad del tribunal y constituye, como correctamente señala el Procurador General, "una clara violación al deber de respeto al tribunal que requiere el Canon 9" de Ética Profesional.[2] Debe recordarse que, después de todo, "...el

---

[2] El mencionado Canon 9 de Ética Profesional establece:

El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en los tribunales. En casos donde

AB-2001-221                                                          10

respeto y la deferencia para con los jueces transciende los formalismos de llamarle 'Honorable' o 'Ilustrado'". <u>In re Crespo Enriquez</u>, 99 TSPR 35, res. el 4 de marzo de 1999.

De otra parte, <u>no</u> es correcta la aseveración del Lcdo. Rodríguez Santiago a los efectos de que él "desconocía" la determinación del Tribunal Supremo dejando en suspenso la Regla 8 del antes mencionado Reglamento. Surge de la transcripción de evidencia que el Juez Maldonado Colón le informó de dicha situación. No obstante ello, el Lcdo. Rodríguez Santiago insistió en su posición de no aceptar la designación como abogado de oficio.[3]

Por último, y en cuanto al señalamiento del Lcdo. Rodríguez Santiago a los efectos de que actuó en defensa de sus principios y no por consideraciones de índole económica, hay que recordar que el "derecho a tener representación legal, en casos criminales, se ha consagrado como parte fundamental de la cláusula del debido proceso de ley". <u>Ramos Acevedo</u> v. <u>Tribunal</u>

---

ocurrieren tales ataques o atentados, el abogado debe intervenir para tratar de restablecer el orden y la buena marcha de los procedimientos judiciales.

El deber de respeto propio para con los tribunales incluye también la obligación de tomar las medidas que procedan en ley contra funcionarios judiciales que abusan de sus prerrogativas o desempeñan impropiamente sus funciones y que no observen una actitud cortés y respetuosa. (Énfasis suplido.)

[3] Debe recordarse que el Reglamento para la Asignación de Abogados de Oficios --el cual el Lcdo. Santiago reclamó en su defensa ante el tribunal de instancia-- contiene disposiciones que le brindan la oportunidad al abogado de <u>revisar</u> la designación que reciba, como abogado de oficio, ante el Tribunal de Circuito de Apelaciones. Véase: Regla 32 de dicho Reglamento.

Superior, ante. En consecuencia, no puede haber duda alguna sobre el interés legítimo que tiene el Estado de que todo imputado de delito tenga una asistencia legal adecuada.

Es por ello que, hasta cierto punto, resulta irrelevante, a la correcta solución del presente caso, la convicción personal del Lcdo. Rodríguez Santiago "de que los compañeros de Asistencia Legal tienen un derecho legítimo que les reconoce la Constitución del Estado Libre Asociado a la huelga ..."[4]; convicción en que basó dicho abogado su negativa a aceptar la designación de abogado de oficio en el caso.

En el caso que hoy ocupa nuestra atención, no está en juego el derecho a la huelga que puedan, o no, tener los abogados de la Sociedad para Asistencia Legal. No estamos emitiendo juicio alguno sobre ello en el presente caso. La controversia planteada es otra, a saber: la obligación ética de un abogado de asumir la representación legal de un indigente cuando así es válidamente designado por un tribunal. Sobre la existencia de ese deber ético en nuestra jurisdicción, no deber haber duda alguna.

**La representación de oficio, entiéndase, la prestación gratuita de servicios legales es, como mencionáramos, un deber impuesto por ley. No obstante, la misma debería ser, ante todo una vocación, un llamado a contribuir al mejoramiento de las condiciones de vida de los menos afortunados. La prestación de servicios legales gratuitos es sinónimo de sacrificio y, sobre todo, de entrega. El desempeño de dicha labor, sin embargo,**

---

[4] Véase: Página 6, T.E.

**provee grandes satisfacciones y recompensas tanto para el abogado particular como para la profesión en general**.

Ciertamente, el abogado que provee sus servicios de manera gratuita exalta la imagen pública de todos los miembros de la clase togada. Al que así actúa le debemos el mayor respeto y admiración, pues con su energía, trabajo y dedicación intenta, al menos, lograr que nuestro sistema legal alcance su propósito principal, esto es, que se haga la mejor justicia posible en nuestra jurisdicción a todos por igual.

Merece nuestro repudio, sin embargo, aquél abogado que se niega, de manera injustificada, a aceptar esa noble encomienda. La clase togada debe estar consciente del hecho de que <u>no</u> estamos en disposición de tolerar actuaciones de esa naturaleza.

Por los fundamentos antes expresados, concluimos que la conducta del Lcdo. Luis E. Rodríguez Santiago --al negarse a aceptar la designación como abogado de oficio que le hiciera el tribunal de instancia y al negarse, de manera injustificada, a ofrecer su dirección al tribunal-- constituyó una clara violación a las disposiciones del Canon 9 de Ética Profesional. Consideradas todas las  circunstancias presentes en el caso, entre ellas, el buen historial profesional del abogado Rodríguez Santiago, decretamos la suspensión de éste del ejercicio de la abogacía, y de la notaría, por un término de sesenta días contado el mismo a partir de la notificación de la presente Opinión y hasta que otra cosa disponga este Tribunal.

Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad temporal de seguir representándolos e informar oportunamente de su suspensión temporal a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial del abogado Rodríguez Santiago, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.


                    FRANCISCO REBOLLO LÓPEZ
                          Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Luis E. Rodríguez Santiago                AB-2001-221

SENTENCIA

San Juan, Puerto Rico, a 15 de mayo de 2002

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia suspendiendo al abogado Luis E. Rodríguez Santiago del ejercicio de la abogacía, y de la notaría, por un término de sesenta días contado el mismo a partir de la notificación de la presente Opinión y Sentencia y hasta que otra cosa disponga este Tribunal.

Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad temporal de seguir representándolos e informar oportunamente de su suspensión temporal a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial del abogado Rodríguez Santiago, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo