PER CURIAM:
I
El Lcdo. Antonio E. Arraiza Miranda (licenciado Arraiza Miranda) fue admitido al ejercicio de la abogacía el 24 de *154 noviembre de 1970 y prestó juramento como notario el 14 de enero de 1971.
El 2 de julio de 2007, el Sr. Josué Ortiz Colón (señor Ortiz Colón o quejoso) presentó una Queja contra el letrado. Señaló que este fue designado como abogado de oficio por el Tribunal de Primera Instancia en los casos Núms. CVI1999-G-0079 y CVI2000-G-0004. Alegó que a pesar de esta designación, el licenciado Arraiza Miranda cobró a sus padres honorarios de abogado para asumir su defensa: seis mil dólares ($6,000) por el Núm. caso CVI2000-G-0004 y dos mil dólares ($2,000) para la prepa-ración de la transcripción del Caso Núm. CVI1999-G-0079. Además, alegó que el letrado buscó al Ledo. Ludwig Ortiz Belaval para que lo representara en la apelación del Caso Núm. CVI1999-G-0079, a quien también pagó honorarios de abogado. Añadió que no fue debidamente representado.
En su Contestación a la Queja, el licenciado Arraiza Miranda aceptó que fue abogado de oficio en el Caso Núm. CVI1999-G-0079 y que este caso fue objeto de una apela-ción que llevó el licenciado Ortiz Belaval. No obstante, in-dicó que estando pendiente ese caso, el Estado presentó nuevos cargos contra el quejoso. Al informarle al señor Ortiz Colón que no lo representaría de oficio en estos nuevos cargos, fue contratado por los padres del quejoso como abo-gado privado en el Caso Núm. CVI2000-G-0004 y le paga-ron un total de seis mil dólares ($6,000).
Así las cosas, el expediente fue remitido a la Procura-dora General para investigación e informe. En su Informe de 27 de marzo de 2008, la Procuradora General concluyó que era la responsabilidad del letrado ofrecer sus servicios legales a través de todo el proceso, incluyendo la fase apelativa. Por lo tanto, este debió representar al convicto en la apelación y no presentarle a otro abogado que le co-brara honorarios. Señaló que las Minutas de los casos lo describen como abogado de oficio y estas se presumen correctas. Por ello, concluyó que los hechos mostraban po-sibles violaciones éticas.
*155 Por otro lado, ante una solicitud presentada por el licen-ciado Arraiza Miranda, la Hon. Mabel Ruiz Soto emitió una Resolución el 29 de mayo de 2008. En esta expresó que el letrado no había comparecido como abogado de oficio en el Caso Núm. CVI2000-G-0004 y enmendó la sentencia. Indicó que por error del tribunal, en las vistas de 7 y 15 de marzo de 2000 se hizo constar en las minutas que compa-reció de oficio. El error se debió a que el letrado solicitó la consolidación de los casos.
El 15 de mayo de 2009, instruimos a la Procuradora General a presentar la Querella correspondiente. Así las cosas, el 1 de octubre de 2009, la Procuradora General pre-sentó una querella sobre conducta profesional contra el li-cenciado Arraiza Miranda por violaciones a los Cánones 18, 35 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX. Oportunamente, el letrado presentó su Contestación a la Querella.
El 17 de septiembre de 2010, designamos a la Hon. Jeannette Ramos Buonomo como comisionada especial, quien celebró una vista en su fondo el 11 y 18 de septiem-bre de 2012. La Comisionada Especial rindió su informe el 18 de abril de 2013.
La Comisionada Especial determinó que el licenciado Arraiza Miranda fue designado abogado de oficio para representar al señor Ortiz Colón en el Caso Núm. CVI1999-G-0079. No obstante, durante el transcurso de la vista pre-liminar en ese caso se le presentaron otros cargos reunidos bajo el Caso Núm. CVI2000-G-0004. Ambos casos se vieron de forma separada en todas las etapas.(1) La Comisionada indicó que
[...] tanto en las minutas, y los otros documentos procesales relativos a este segundo caso, se hizo constar que el licenciado *156 Arraiza comparecía de oficio. En diversas incidencias procesa-les fue representado [por abogados de la] Sociedad de Asisten-cia Legal.(2) Informe de la Comisionada Especial, pág. 8.
Además, en la Sentencia del Caso Núm. CVI2000-G-0004 no solo se identifica al letrado como abogado de oficio, sino que también se indica que “no se impone la pena especial de la Ley 183, por estar el convicto representado por abogado de oficio”.(3) De igual forma, el expediente refleja el pago de dos mil dólares ($2,000) para la preparación de la transcripción de la prueba en el Caso Núm. CVI1999-G-0079 y seis mil dólares ($6,000) en honorarios de abogado al licenciado Arraiza Miranda con relación al Caso Núm. CVI2000-G-0004, que culminó en una alegación preacor-dada y no conllevó la celebración de un juicio.
La Comisionada Especial determinó que ante la incon-formidad del quejoso con el resultado, este le solicitó al licenciado Arraiza Miranda que apelara la sentencia. Puesto que no acostumbraba a llevar casos en apelación, el licenciado Arraiza Miranda le recomendó al licenciado Ortiz Belaval. No obstante, no solicitó el relevo de la repre-sentación legal. Al respecto, el expediente también refleja el pago de siete mil dólares ($7,000) para el licenciado Ortiz Belaval.(4)
*157 Por otro lado, la limitada capacidad para recordar los eventos durante la vista de la jueza sentenciadora del Caso Núm. CVI2000-G-0004 conllevó que la Comisionada Especial no diera crédito al recuerdo que esta plasmara en una Resolución ocho (8) años después. Por ello, y ante la infor-mación obtenida de los documentos preparados coetánea-mente a los hechos y que gozan de presunción de correc-ción, la Comisionada Especial determinó que el licenciado Arraiza Miranda compareció como abogado de oficio. Por lo tanto, no podía cobrar honorarios en ninguno de los casos. Asimismo, concluyó que el letrado violó el Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal de 1998 (Reglamen-to), 4 LPRA Ap. XXVIII (ed. 2002), y los Cánones 35 y 38 del Código de Etica Profesional, supra, al aceptar honora-rios de los padres de su cliente para atender el Caso Núm. CVI2000-G-0004 y por cobrar para la transcripción del Caso Núm. CVT1999-G-0079. Esto a pesar de que sabía que su cliente era indigente.
La Comisionada Especial concluyó que ante la falta de experiencia apelativa del letrado, no era impropio que él buscara al licenciado Ortiz Belaval para la apelación, de no ser por el hecho de que no informó al tribunal y de que sabía que este cobraría por sus servicios. Al no velar por los intereses de su cliente, violó el citado Canon 18.
Contando con el beneficio del Informe de la Comisio-nado Especial y de la comparecencia del licenciado Arraiza Miranda, procedemos a analizar las normas aplicables.
II
El derecho a tener representación legal en casos criminales es parte fundamental de la cláusula del debido proceso de ley y abarca tanto el derecho a contar con una representación adecuada y efectiva, como el derecho a que el Estado provea representación legal gratuita en casos de *158 indigencia. Art. II, Sec. 11, Const. PR, LPRA, Tomo 1; Emda. VI, Const. EE. UU., LPRA, Tomo 1. Véase además, In re García Muñoz, 160 DPR 744, 751 (2003).
No obstante, la obligación de proveer servicios legales gratuitos a personas indigentes es compartida entre el Estado y la clase togada. In re García Muñoz, supra, pág. 752; Ramos Acevedo v. Tribunal Superior, 133 DPR 599 (1993). Tal como hemos expresado, al ser admitidos al ejercicio de la profesión, los abogados y las abogadas juran solemnemente que desempeñarán con lealtad los deberes y responsabilidades que les impone la ley y el Código de Ética Profesional. Entre estos, deben cooperar con el Estado para que toda persona tenga acceso a una representación legal capacitada, íntegra y diligente.(5) Canon 1 del Código de Ética Profesional, 4 LPRA Ap. IX. Por lo tanto, hemos reconocido que la representación de oficio, es decir, la representación legal gratuita de un indigente por un abogado admitido a ejercer la profesión en nuestra jurisdicción tras ser válidamente designado por un tribunal, es un deber impuesto por ley y una obligación ética. In re García Muñoz, supra, pág. 753.
No obstante, también hemos reconocido el sacrificio que la prestación de servicios legales gratuitos conlleva. In re Rodríguez Santiago, 157 DPR 26 (2002); Ramos Acevedo v. Tribunal Superior, supra. Por ello, la Regla 25 del Reglamento, en lo pertinente disponía que “[t]odo abogado o abogada de oficio tendrá derecho a recibir compensación por sus servicios y al reembolso de los gastos necesarios y razonables en que incurra en la defensa de un indigente”. (6) Sin embargo, “bajo ningún concepto podrá un *159 abogado de oficio solicitar, del acusado o sus familiares, honorarios adicionales a los provistos en [ese] Reglamento”. (7) In re García Muñoz, supra, pág. 759.
Por otro lado, la Regla 24 del Reglamento disponía sobre la duración de esta designación.(8) Así,
[e]l abogado o la abogada de oficio prestará sus servicios a la persona indigente ante el foro correspondiente a través de todo el procedimiento, incluidas las etapas apelativas, si las hubiere.
El abogado o la abogada de oficio que por cualquier razón, incluso su falta de experiencia en las etapas apelativas, no pueda prestar razonablemente sus servicios en dichas etapas, así lo informará al tribunal para la designación de un nuevo abogado o abogada de oficio en las etapas apelativas. En tal caso, el abogado o la abogada de oficio original tendrá la obli-gación de preparar la Exposición Narrativa de la Prueba cuando ésta se requiera, y de asistir al nuevo abogado o abo-gada de oficio designado o designada en la prestación de estos nuevos servicios. (Enfasis suplido).
III
El Código de Ética Profesional recoge las normas mínimas de conducta que rigen a los abogados y las abogadas y promueve un comportamiento ejemplar para beneficio de la ciudadanía, la profesión y las instituciones de justicia. In re Ortiz Delgado, 189 DPR 826 (2013); In re Falcón López, 189 DPR 689 (2013).
En particular, el Canon 18 del Código de Ética Profesional, supra, recoge el deber de diligencia de todo *160 abogado en la atención de los asuntos de su cliente. Este canon le impone al abogado el deber de defender los intereses de su cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. La misma diligencia es exacta-mente exigible cuando la defensa se ejerce de oficio. In re Dávila Toro, 179 DPR 833, 843 (2010), In re Hoffman Mouriño, 170 DPR 968 (2007).
Por otro lado, el Canon 35 del Código de Ética Profesional, supra, establece, en lo pertinente:
La conducta de cualquier miembro de la profesión legal ante los tribunales para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.
No es sincero ni honrado el utilizar medios que sean incon-sistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho.
Por lo tanto, la conducta de un abogado o abogada debe ser sincera y honrada frente a todos y ante todo tipo de acto. In re Iglesias García, 183 DPR 572 (2011).
Por último, el Canon 38 del Código de Ética Profesional, supra, dispone que el abogado o la abogada “deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia”. Al respecto, he-mos concluido que un abogado de oficio que solicita al acusado o sus familiares honorarios adicionales a los provistos en el Reglamento infringe el Canon 38, pues su actuación constituye una apariencia de conducta impropia que puede tener un efecto dañino sobre la profesión. In re García Muñoz, supra, pág. 758.
Asimismo, reiteradamente hemos expresado que las determinaciones de hecho que hace un Comisionado *161 Especial en un procedimiento disciplinario merecen nuestra deferencia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto en su apreciación de la prueba. In re Ayala Vega II, 189 DPR 816 (2013).
Con estos preceptos en mente, examinemos la contro-versia ante nuestra consideración.
IV
La Querella le imputa al licenciado Arraiza Miranda violar el citado Canon 18 por no velar por los intereses de su cliente, pues tenía la obligación de representarlo en las etapas apelativas de su caso libre de costo. Además, en vez de informarle al tribunal para la designación de un nuevo abogado de oficio, le presentó a otro abogado que realizaría este trabajo mediando el cobro de honorarios. Asimismo, le imputa la violación del citado Canon 35 por no continuar con la representación de oficio en la etapa apelativa, en contravención a la designación y sin la autorización del tribunal. Por último, la Querella le imputa la violación al Canon 38, supra, por apariencia de conducta impropia.
El licenciado Arraiza Miranda aceptó en todo momento que fue designado abogado de oficio del quejoso en el caso Núm. CVT1999-G-0079. No obstante, sostuvo que el cliente tenía el derecho de relevarlo como abogado de oficio y es-coger a otro abogado de la práctica privada para que lo representara en la apelación. Asimismo, aceptó que no pre-sentó una moción de renuncia de representación legal.(9)
Los argumentos del licenciado Arraiza Miranda no nos convencen. Al haber sido designado como abogado de oficio del señor Ortiz Colón, el licenciado Arraiza Miranda estaba *162 sujeto a todas las obligaciones éticas y legales que su de-signación conllevaba, entre estas, a defender al quejoso tanto en el foro de instancia como en las etapas apelativas. De igual forma, tenía la obligación de informar a su cliente, así como al tribunal para la designación de un nuevo abogado de oficio en las etapas apelativas si por cualquier razón no podía prestar razonablemente sus ser-vicios en esas etapas. Además, la Regla 24 del Reglamento, supra, le exigía asistir al nuevo abogado de oficio en la prestación de los nuevos servicios. No obstante, no lo hizo y le presentó al cliente otro abogado, quien cobraría honora-rios para ello. Como hemos señalado, “una vez el abogado comparece ante un tribunal en representación de una parte, no puede dejar de descargar su responsabilidad con la debida diligencia, independientemente de la razón por la cual la asumió”. In re Iglesias García, supra, pág. 578, citando a In re Siverio Orta, 117 DPR 14, 17 (1986). Al así actuar, el licenciado Arraiza Miranda faltó a su deber de defender con diligencia los intereses del cliente en contravención al Canon 18, supra. Asimismo, al desatender su designación como abogado de oficio sin la debida autorización del tribunal, violó el Canon 35 del Código de Ética Profesional, supra.
Por último, el licenciado Arraiza Miranda sostiene que aunque fue designado como abogado de oficio en el caso Núm. CVI1999-G-0079, fue contratado por la madre y el padre del quejoso en el caso Núm. CVI2000-G-0004. A su vez, en sus Objeciones al Informe de la Comisionada Especial, pág. 6, expresa que “[e]n aras de la economía procesal y de la oferta que hizo la fiscalía el cual aceptó el quejoso, los casos del 15, 17 y 18 de agosto que son del [CVI1999-G-00]79, que eran de oficio, se consolidaron con el caso del 7 de agosto para el cual el querellado había sido contratado de manera privada”. Las expresiones del licenciado Arraiza Miranda, los expedientes de los casos en controversia y las determinaciones de hecho de la Comisionada Especial nos *163 llevan a concluir que al aceptar honorarios de abogado por parte de los padres de su cliente —a pesar de que sabía que este era indigente y de que había sido designado como abo-gado de oficio— el licenciado Arraiza Miranda violó el Re-glamento y el Canon 38 del Código de Etica Profesional, supra, pues sus actuaciones constituyeron una apariencia de conducta impropia que puede tener un efecto dañino sobre la profesión.
Por otro lado, al determinar la sanción disciplinaria que se impondrá a un abogado por conducta impropia, podemos evaluar: (1) la buena reputación del abogado en la comunidad; (2) si es su primera falta y si ninguna parte ha resultado perjudicada; (3) la aceptación de su error y su sincero arrepentimiento; (4) si se trata de una conducta aislada; (5) si medió ánimo de lucro en su actuación; (6) si resarció al cliente, y (7) cualesquiera otras consideraciones, atenuantes o agravantes, que medien de acuerdo con los hechos. In re Ortiz Delgado, supra; In re Ayala Vega II, supra.
Pesa en nuestro ánimo que esta es la primera vez que el licenciado Arraiza Miranda es sancionado disciplinaria-mente en treinta y tres (33) años ejerciendo la profesión, que ha defendido un sinnúmero de casos como abogado de oficio y que se trata de una conducta aislada. No obstante, no podemos pasar por alto que su falta incluyó la acepta-ción de honorarios de abogado por un cliente indigente tras ser designado como abogado de oficio.
V
Por los fundamentos expuestos, suspendemos inmedia-tamente al Ledo. Antonio E. Arraiza Miranda del ejercicio de la profesión durante el término de tres (3) meses, a partir de la notificación de esta opinión. Le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad de continuar representándolos, les devuelva cualesquiera ho- *164 norarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judi-ciales y administrativos del país. El Alguacil de este Tribunal incautará inmediatamente la obra y el sello notarial del licenciado Arraiza Miranda para el trámite correspon-diente por el Director de la Oficina de Inspección de Notarías. Además, el señor Arraiza Miranda deberá certi-ficarnos el cumplimiento de estos deberes en el término de treinta (30) días a partir de su notificación.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 El Caso Núm. CVI1999-G-0079 culminó con el veredicto del Jurado el 9 de febrero de 2000 y la sentencia se pronunció el 22 de junio de 2000. De forma sepa-rada el Caso Núm. CVI2000-G-0004 culminó con una alegación preacordada. Se dictó sentencia el 15 de marzo de 2000.

 La Comisionada Especial indica que la regrabación del caso no permitía escuchar claramente los procedimientos. Asimismo, no todas las incidencias del caso fueron grabadas. Tampoco existía un Registro de Asignaciones de Abogados y Abo-gadas de Oficio para la fecha. Esto dificultó la investigación de la Querella.

 Por otro lado, el Ledo. Antonio E. Arraiza Miranda argumentó que canceló los sellos forenses en la rebaja de fianza gestionada en el Caso Núm. CVI2000-G-0004 como indicativo de su condición de abogado privado. Este argumento fue rechazado por la Comisionada Especial “pues se trata de un asunto que, aunque ancilar al procedimiento penal, es estrictamente civil y se rige por normas que le son propias”.

 Los cheques al Ledo. Ludwig Ortiz Belaval tienen la firma de endoso del licenciado Arraiza Miranda y fueron depositados en el banco de este último. Al res-pecto, el licenciado Arraiza Miranda indicó que “firmaba dichos cheques para que los mismos le fueran cambiados al Ledo. Ortiz Belaval pues en su cuenta habían fondos para responder en caso de que dichos cheques no tuvieran fondos”. Objeciones al Informe de la Comisionada Especial, pág. 7. El licenciado Ortiz Belaval recibió el dinero en efectivo ese mismo día.

 Por ello, “debe[n] aceptar y llevar a cabo toda encomienda razonable de rendir servicios legales gratuitos a indigentes, especialmente en lo que se refiere a la defensa de acusados y a la representación legal de personas insolventes”. Canon 1 del Código de Ética Profesional, 4 LPRAAp. IX.

 Esta disposición se ha mantenido inalterada en la Regla 16 del Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal de 2008 (Reglamento de 2008), 4 LPRA Ap. XXVIII-A.

 En In re García Muñoz, 160 DPR 744, 754-755 (2003), expresamos que el Reglamento para la Asignación de Abogados de Oficio en Procedimientos de Natura-leza Penal de 1998 reconoció la importancia de que todo abogado o abogada de oficio tenga derecho a recibir una compensación por sus servicios y al reembolso de los gastos necesarios y razonables en que incurra en la defensa de un indigente. No obstante, es el Estado el que deberá pagar esta compensación al final de los proce-dimientos o previamente de presentarse circunstancias justificadas.

 Esta disposición también se ha mantenido inalterada en la Regla 14 del Reglamento, 4 LPRA Ap. XXVIII-A.

 En la Minuta de 11 de marzo de 2013, págs. 2-3, se indica que el licenciado Arraíza Miranda “declaró que durante la vista del 30 de marzo de 2001, en el Tribunal de Primera Instancia, él renunció al caso [CVI1999-G-00739 a pesar de que no hizo expresión alguna al respecto. Le llamó renuncia tácita. Además, se le olvidó presentar una moción de renuncia de representación legal, ya que entendía que el abogado en apelación era el Ledo. Ortiz Belaval”.