EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                 | 2015 TSPR 126 |
|                        |               |
| Yadira Hance Flores    | 193 DPR ____  |
|                        |               |

Número del Caso: CP-2011-18


Fecha: 17 de septiembre de 2015


Oficina de la Procuradora General:

       Lcda. Jannelle Laforet Matos
       Procuradora General Auxiliar


Abogado de la Querellada:

       Lcdo. Ángel Vital Vázquez


Comisionada Especial:

       Hon. Crisanta González Seda


Materia: Conducta Profesional - Censura enérgica por violación a los Cánones 1, 9, 12 y 18 de Ética Profesional



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Yadira Hance Flores | | CP-2011-0018 |

*PER CURIAM*

San Juan, Puerto Rico, a 17 de septiembre de 2015

**I**

La Lcda. Yadira Hance Flores fue admitida al ejercicio de la práctica de la abogacía el 4 de enero de 1988 y al de la notaría el 9 de febrero de 1989. El 22 de noviembre de 2010, la Oficina del Procurador General presentó la querella que nos ocupa. En ésta, se le imputaron violaciones a los Cánones 1, 9, 12 y 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Estas imputaciones surgieron como consecuencia de una resolución dictada por el Tribunal de Apelaciones, mediante la cual se le ordenó a la Secretaria de dicho foro notificar a este Tribunal sobre la conducta de la licenciada Hance Flores. En esencia, las actuaciones de la licenciada que resultaron en el referido están relacionadas con una apelación que el Sr. Félix Rivera Ruiz, por derecho propio, presentó ante el Tribunal de Apelaciones.

Según se desprende del Informe de la Comisionada Especial, el señor Rivera Ruiz había indicado en su escrito

inicial ante el foro apelativo intermedio que fue representado por la Sociedad para Asistencia Legal (SAL) durante los procedimientos criminales en su contra ante el Tribunal de Primera Instancia y que, luego de haber sido encontrado culpable y sentenciado, necesitaba que se le asignara un abogado de oficio para la etapa apelativa. Luego de los trámites de rigor, el 21 de septiembre de 2009, el Tribunal de Primera Instancia de Carolina emitió una orden designando a la licenciada Hance Flores como abogada de oficio del señor Rivera Ruiz.

A pesar de esta designación, el 24 de noviembre de 2009, el Tribunal de Apelaciones emitió una resolución mediante la cual solicitó al foro de instancia que aclarara si el señor Rivera Ruiz sería representado por un abogado de oficio o por la SAL. En respuesta, el Tribunal de Primera Instancia emitió una resolución en la que precisó que la licenciada Hance Flores había sido designada como la abogada de oficio del señor Rivera Ruiz. Así las cosas, el 24 de febrero de 2010, el Tribunal de Apelaciones autorizó a la licenciada Hance Flores a gestionar la obtención de una copia del expediente ante la SAL. No obstante, el 17 de mayo de 2010, el señor Rivera Ruiz presentó una *Moción informativa por derecho propio y en solicitud de remedio*. En ésta, alegó que su padre se había comunicado con la licenciada Hance Flores y que ésta le había informado que no tenía conocimiento de la designación realizada por el foro primario. Además, la licenciada le indicó al padre del

señor Rivera Ruiz que, aún si le asignaran la apelación, no tenía tiempo para representar al hijo de éste. En la moción presentada, el señor Rivera Ruiz indicó que la SAL no tenía reparo en asumir su representación legal en el proceso apelativo, por lo que solicitó que se relevara de la designación a la licenciada Hance Flores y que su caso fuera asignado a la SAL.

En atención a la moción presentada, el Tribunal de Apelaciones, mediante resolución, procedió a ordenar a la Secretaria que remitiera copia de ésta a la licenciada Hance Flores, concediéndole un término de quince (15) días para expresarse sobre el contenido de la misma e informar las gestiones realizadas en el caso hasta ese momento. Se le apercibió a la licenciada que, de no cumplir con lo ordenado, el asunto sería referido a este Tribunal. La licenciada Hance Flores, sin embargo, no compareció. En vista de ello, el 30 de junio de 2010, el Tribunal de Apelaciones emitió una resolución imponiéndole una sanción de $100.00 y ordenándole nuevamente cumplir con lo requerido en la resolución previa. Una vez más, se le advirtió que su incumplimiento resultaría en un referido a este Tribunal.

El 10 de julio de 2012, el señor Rivera Ruiz compareció nuevamente ante el Tribunal de Apelaciones mediante una *Segunda moción informativa por derecho propio y en solicitud de remedio*. En ésta, alegó que la licenciada Hance Flores había incumplido con lo ordenado por ese foro

y que su padre había intentado infructuosamente comunicarse con la licenciada Hance Flores para que ésta actuara como representante legal de su hijo. Una vez más, solicitó al foro apelativo intermedio que su caso fuera asignado a la SAL y que se relevara a la licenciada Hance Flores de su representación legal. El 24 de agosto de 2010, el señor Rivera Ruiz presentó una tercera moción solicitando lo mismo.

El 24 de agosto de 2010, el Tribunal de Apelaciones emitió una resolución mediante la cual le concedió al señor Rivera Ruiz treinta (30) días para comparecer con nueva representación legal. Conforme los apercibimientos contenidos en las resoluciones previas, el Tribunal de Apelaciones nos refirió el asunto para que procediéramos a evaluar las actuaciones de la licenciada Hance Flores.

Por nuestra parte, el 13 de septiembre de 2010, ordenamos a la licenciada que se expresara en torno a su incumplimiento con las resoluciones del Tribunal de Apelaciones. El 5 de octubre de 2010, la licenciada presentó una moción en la que alegó que no tenía conocimiento de haber sido designada como abogada de oficio del señor Rivera Ruiz. Indicó que no había encontrado expediente alguno en sus archivos relacionado con el caso y que sólo había encontrado una correspondencia sobre el caso en un buzón ubicado en la segunda planta del local donde ubicaba su oficina, la cual estaba ocupada por unos inquilinos con quienes no tenía relación. Aceptó, sin

embargo, que había recibido una llamada por parte del padre del señor Rivera Ruiz mientras se encontraba fuera de Puerto Rico y que le había indicado a éste que se trataba de una confusión puesto que ella no tenía clientes confinados. Alegó que, a su regreso, no había encontrado correspondencia alguna relacionada con el caso. La licenciada Hance Flores también aceptó haber recibido llamadas por parte de la madre del señor Rivera Ruiz en otra ocasión, cuando también se encontraba fuera de Puerto Rico. No obstante, señaló que le había solicitado que le informara al juez que ella no había recibido la notificación de la designación correspondiente. Aclaró, además, que le indicó que, aun si recibiera la designación, solicitaría que se le relevara del caso. Esto, puesto que su práctica se centraba en Derecho Civil y Corporativo y nunca había llevado un caso de asesinato. Por último, la licenciada Hance Flores indicó en su moción que le había aclarado a la señora madre del señor Rivera Ruiz que no se estaba negando a representar a su hijo, sino que le había recomendado que éste recibiera una representación por parte de un abogado con experiencia.

Evaluada la moción de la licenciada Hance Flores, referimos el asunto a la Oficina del Procurador General para la presentación del informe correspondiente. En su informe, el Procurador General concluyó que había suficiente evidencia para imputarle a la licenciada

violaciones a los Cánones 1, 9, 12 y 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

Evaluado el informe del Procurador, el 10 de junio de 2011 ordenamos la presentación de la querella, lo que ocurrió el 22 de noviembre de 2011. En ésta, el Procurador le imputó violaciones a los Cánones 1, 9, 12 y 18 del Código de Ética Profesional.

Mediante un mandamiento emitido el 5 de noviembre de 2011, ordenamos a la licenciada presentar su contestación a la querella presentada en un término de quince (15) días. Luego de que se le concedieran dos términos adicionales para contestar, la licenciada Hance Flores presentó su contestación el 20 de abril de 2012. En ésta, negó haber incurrido en conducta antiética puesto que no tenía conocimiento de que había sido designada como abogada de oficio del señor Rivera Ruiz. Negó, además, haber expresado al padre de este último lo que se informó al Tribunal de Apelaciones. Expresó, además, que pedía excusas si había cometido algún error y que siempre había demostrado que estaba dispuesta a cooperar en la representación de indigentes.

Luego de varios trámites procesales, el 17 de julio de 2013 se celebró una vista en la que la licenciada Hance Flores compareció con su representante legal. En ésta, se discutieron ampliamente los planteamientos de las partes y se estipuló la evidencia documental. El 16 de octubre de 2013, se sometió el caso.

Según se desprende de las determinaciones de hechos contenidas en el Informe de la Comisionada Especial, durante el periodo del 5 de mayo de 2008 al 6 de mayo de 2013, la licenciada Hance Flores atendió dieciocho (18) casos que le fueron asignados, todos de naturaleza penal y por delitos graves, si bien ninguno de ellos versaba sobre un proceso apelativo. Además, entre los documentos que forman parte del expediente se encuentra la orden dictada por el Tribunal de Primera Instancia, Sala de Carolina, mediante la cual se designa a la licenciada Hance Flores como abogada de oficio del señor Rivera Ruiz en la etapa apelativa. Esta orden le fue notificada a la licenciada a su dirección de récord, la cual aparece, además, en toda la correspondencia que ésta ha sometido a lo largo del procedimiento disciplinario.

Cabe aclarar, sin embargo, que las determinaciones de hecho de la Comisionada Especial apuntan a la falta de notificación de la resolución mediante la cual el Tribunal de Apelaciones autorizó a la licenciada Hance Flores a gestionar una copia del expediente del caso.[1] *Véase Informe de la Comisionada Especial*, en la pág. 15. Asimismo, las determinaciones de hecho confirman que la licenciada Hance Flores se encontraba fuera del País cuando recibió las distintas llamadas telefónicas por parte del padre y la madre del señor Rivera Ruiz. *Véase id.* en la pág. 20. No obstante, la Comisionada Especial señaló que, desde que

---

[1] Dicha resolución únicamente fue notificada a la SAL.

recibió la primera llamada en junio de 2010 hasta que recibió la resolución dictada por este Foro el 13 de septiembre de 2010, la licenciada Hance Flores no realizó gestión alguna conducente a averiguar si, en efecto, había sido designada como abogada de oficio del señor Rivera Ruiz.

Evaluado el Informe de la Comisionada Especial, las determinaciones de hecho contenidas en éste, así como los documentos que constan en el expediente, procedemos a evaluar la conducta de la licenciada Hance Flores a la luz de los Cánones 1, 9, 12 y 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

## II

En múltiples ocasiones hemos expresado que los abogados y abogadas que ejercen la práctica en nuestra jurisdicción desempeñan una función eminentemente pública, por lo que se les considera oficiales de los tribunales. Véase *In re Rodríguez Santiago*, 157 D.P.R. 26, 31 (2002). A esos efectos, los abogados y abogadas del País tienen un deber ineludible, que comparten con el Estado, de garantizar a los imputados de un delito asistencia legal en todo proceso criminal. Véase Const. P.R. Art. II, Sec. 11. Este derecho, de entronque constitucional, se ha reconocido, además, como un componente fundamental del debido proceso de ley. Véanse *In re García Muñoz*, 160 D.P.R. 744 (2003); *In re Rodríguez Santiago*, 157 D.P.R. 26

(2002); *Ramos Acevedo v. Tribunal Superior*, 133 D.P.R. 599 (1993).

A tenor con este mandato constitucional, el Canon 1 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 1, dispone lo siguiente:

> Constituye una obligación fundamental de todo abogado luchar continuamente para garantizar que toda persona tenga acceso a la representación capacitada, íntegra y diligente de un miembro de la profesión legal.
>
> En la consecución de este objetivo el abogado debe aceptar y llevar a cabo toda encomienda razonable de rendir servicios legales gratuitos a indigentes, especialmente en lo que se refiere a la defensa de acusados y a la representación legal de personas insolventes. La ausencia de compensación económica en tales casos no releva al abogado de su obligación de prestar servicios legales competentes, diligentes y entusiastas.
>
> También es obligación del abogado ayudar a establecer medios apropiados para suministrar servicios legales adecuados a todas las personas que no pueden pagarlos. Esta obligación incluye la de apoyar los programas existentes y la de contribuir positivamente a extenderlos y mejorarlos.

4 L.P.R.A. Ap. IX, C. 1.

Al interpretar el referido Canon, consistentemente hemos afirmado que los abogados y abogadas admitidos a ejercer la profesión legal en nuestra jurisdicción tienen la obligación ética de asumir la representación legal de un indigente cuando es designado como abogado de oficio por un tribunal. Véase *In re Rodríguez Santiago*, 157 D.P.R. en la pág. 35. Además, hemos afirmado que, luego de la designación de oficio correspondiente por un tribunal, asumir la representación legal de un indigente en un procedimiento criminal no sólo constituye una obligación

ética, sino también un deber impuesto por ley. Véase *In re García Muñoz*, 160 D.P.R. en la pág. 753.

Para facilitar la consecución de ese deber ético, el *Reglamento de abogados y abogadas de oficio en procedimientos de naturaleza criminal*, 4 L.P.R.A. Ap. XXVIII, establece las normas que han de regir cuando un miembro de la profesión legal es designado como representante legal de un indigente en un procedimiento criminal. A esos efectos, el Reglamento dispone que, cuando se hace una designación de oficio, "[a]l abogado o abogada de oficio se le notificará de la orden de asignación, primero mediante vía telefónica y luego por correo, con copia de la denuncia". 4 L.P.R.A. Ap. XXVIII, R. 13(c). El Reglamento también establece el procedimiento mediante el cual se puede solicitar la revisión de tal designación ante el Tribunal de Apelaciones. Véase *id.*, R. 23. Jurisprudencialmente, hemos reconocido la falta de experiencia en un área del Derecho como fundamento para objetar la designación de oficio. Véanse *Pueblo v. Morales*, 150 D.P.R. 123 (2000). Esto, puesto que exigir a un miembro de la profesión legal que carezca de experiencia en la práctica penal representar a un acusado en un procedimiento criminal conllevaría obligarle a infringir el Canon 18 del Código de Ética Profesional. Véase *id.*

Por otro lado, el Canon 9 del Código de Ética Profesional impone a los abogados y abogadas el deber de "observar para con los tribunales una conducta que se

caracterice por el mayor respeto". 4 L.P.R.A. Ap. IX, C. 9. Ese deber, incluye la obligación de atender con premura y diligencia las órdenes del tribunal y de comparecer a los señalamientos de los procedimientos judiciales cuando así le sea requerido. *In re Hoffman Mouriño*, 170 D.P.R. 968 (2007); *In re Roldós Matos*, 161 D.P.R. 373 (2004). Repetidamente hemos señalado que la desatención a las órdenes emitidas por los tribunales de justicia constituye un grave insulto a la autoridad de éstos, en directa violación al deber de la conducta exigida por el referido Canon. *In re Rosa Rosa*, 183 D.P.R. 759, 765 (2011).

Al complementar el deber de respeto y diligencia dispuesto en el Canon 9 del Código de Ética Profesional, el Canon 12 impone, de forma general, a los abogados y abogadas la obligación de desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación y solución de las causas de acción que se ventilan ante los tribunales. Véase 4 L.P.R.A. Ap. IX, C. 12. Este deber de puntualidad y responsabilidad tiene como propósito principal evitar el entorpecimiento de los procedimientos que se ventilan ante los tribunales en aras de garantizar la resolución rápida y efectiva de las controversias. Véase *In re Vélez Báez*, 176 D.P.R. 201 (2009).

Por último, el Canon 18 del Código de Ética Profesional dispone que "[e]s deber del abogado defender los intereses del cliente diligentemente, desplegando en

cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". 4 L.P.R.A. Ap. IX, C. 18. En el pasado, hemos señalado que la inacción, el desinterés y la desidia en la tramitación de una causa de acción de un cliente constituyen una violación al deber que impone este Canon. Véase *In re Cuevas Velázquez*, 174 D.P.R. 433 (2008). Además, hemos sido inequívocos al afirmar que todo miembro de la profesión legal en nuestro País tiene un deber de defender los intereses de su cliente empleando la mayor capacidad, diligencia, responsabilidad, efectividad y lealtad, por lo que la desidia y la inacción son incompatibles con el ejercicio de la abogacía. Véase *In re Padilla Pérez*, 135 D.P.R. 770, 776 (1994).

**III**

Al evaluar la conducta de la licenciada Hance Flores a la luz de los preceptos éticos anteriormente discutidos, es forzoso concluir que sus actuaciones representan violaciones a los deberes consagrados en los Cánones 1, 9, 12 y 18 del Código de Ética Profesional.

Al ignorar la orden del tribunal designándola como abogada de oficio del señor Rivera Ruiz, la licenciada Hance Flores no solo eludió su deber de proveer representación legal a un indigente en un procedimiento criminal, sino que, además, permitió que su inacción y desidia repercutieran negativamente en el proceso apelativo al que éste estaba sujeto. Como vimos, en tres ocasiones

distintas, el señor Rivera Ruiz se vio forzado a solicitar la intervención del Tribunal de Apelaciones para intentar lograr la comparecencia de la licenciada Hance Flores. Además, los padres del señor Rivera Ruiz intentaron comunicarse con la licenciada en repetidas ocasiones, sin lograr que ésta les proveyera información con relación a su designación de oficio y el estatus de la apelación de su hijo. Si bien el expediente demuestra que la orden designando a la licenciada Hance Flores como abogada de oficio del señor Rivera Ruiz fue notificada a la dirección postal correcta y nunca fue devuelta, correspondía a la licenciada Hance Flores, una vez fue informada de su designación por parte de los padres del señor Rivera Ruiz, realizar las gestiones necesarias para indagar al respecto.

La licenciada Hance Flores debió, además, desplegar las diligencias necesarias para comparecer ante el Tribunal de Apelaciones una vez ese foro emitió distintas resoluciones apercibiéndole de las consecuencias que conllevaría su incomparecencia. Surge del expediente que la mayoría de estas órdenes le fueron notificadas a la dirección correcta. Sin embargo, no fue hasta que este Tribunal intervino en el asunto que la licenciada Hance Flores compareció para justificar su dejadez e incomparecencia.

De haber tenido objeción a la designación, la licenciada Hance Flores pudo haber presentado oportunamente el recurso de revisión correspondiente, según lo establece

el *Reglamento de abogados y abogadas de oficio en procedimientos de naturaleza criminal*. De esta forma, hubiera garantizado que el señor Rivera Ruiz recibiera asistencia legal por parte de otro abogado. Como discutimos, su objeción pudo haber estado fundamentada en su falta de experiencia en procedimientos apelativos o en delitos como los que le fueron imputados al señor Rivera Ruiz.

Además de la presunta falta de notificación, la licenciada Hance Flores también planteó como defensa que, en ocasiones previas, ha representado a clientes indigentes luego de ser designada como abogada de oficio. No obstante, arguyó que los casos que le fueron asignados en el pasado versaron sobre delitos de menos gravedad que el imputado al señor Rivera Ruiz y que, en ocasiones en que había sido asignada a un caso penal por un delito grave similar, había solicitado el relevo correspondiente. No obstante, como anticipamos, en esta ocasión la licenciada Hance Flores no presentó objeción a su designación pues ni tan siquiera atendió la orden notificando la misma o realizó las diligencias necesarias para atender responsablemente la situación una vez tuvo conocimiento del caso.

**IV**

Si bien la conducta de la licenciada Hance Flores se aparta de los deberes éticos que impone el Código de Ética Profesional, al momento de determinar la sanción disciplinaria a imponérsele, debemos evaluar los factores

que hemos determinado que constituyen circunstancias atenuantes. En el pasado, hemos identificado las siguientes circunstancias atenuantes: (1) la reputación del abogado o abogada en la comunidad; (2) si se trata de la primera falta; (3) la aceptación de su error y su sincero arrepentimiento; (4) si se trata de una conducta aislada; (5) si medió ánimo de lucro en su actuación; (6) si resarció al cliente, y (7) cualesquiera otras consideraciones, atenuantes o agravantes, que medien de acuerdo con los hechos. *In re Arraiza Miranda*, 190 D.P.R. 151, 163 (2014).

En el caso que nos ocupa, la licenciada Hance Flores presentó evidencia que apunta a la existencia de algunos de estos atenuantes.[2] Por ejemplo, la licenciada ha ocupado posiciones de responsabilidad en el servicio público y lleva ejerciendo la práctica de la abogacía y la notaría por más de veinte años sin que se le haya imputado alguna violación ética. Además, la evidencia demuestra que ha atendido cerca de dieciocho (18) casos de oficio en los últimos años y que no ha habido señalamiento de conducta impropia en su desempeño en esos casos.[3] De las

---

[2] Esta evidencia fue estipulada por la Oficina de la Procuradora General. Además, la presencia de estas circunstancias atenuantes fue avalada en el Informe de la Comisionada Especial.

[3] Como explicamos, durante el proceso disciplinario, la licenciada Hance Flores ha sostenido que en ningún momento se negó a prestar sus servicios como abogada de oficio, puesto que no fue notificada de tal designación. Cabe destacar que no surge del expediente evidencia alguna tendiente a indicar que la orden se le notificó mediante vía telefónica, según lo requiere la Regla 13(c) del

declaraciones juradas que constan en el récord se desprende, también, que la licenciada Hance Flores goza de excelente reputación en su comunidad, tanto en el ámbito profesional como en el personal. Por último, es preciso destacar que en las actuaciones de la licenciada Hance Flores no medió ánimo de lucro y que su conducta no resultó en un perjuicio mayor para el señor Rivera Ruiz, quien finalmente fue representado por la SAL a nivel apelativo. La Comisionada Especial reconoce en su Informe que se trató de un incidente aislado y que la licenciada ha demostrado una genuina preocupación y arrepentimiento por los inconvenientes que causó su falta de diligencia profesional. Véase *Informe de la Comisionada* en las págs. 38-39.

En atención a la presencia de estas circunstancias atenuantes, procedemos a censurar enérgicamente a la licenciada Hance Flores por su conducta violatoria de los Cánones 1, 9, 12 y 18 del Código de Ética Profesional. Se le apercibe, sin embargo, que incurrir en conducta similar en el futuro acarreará la imposición de sanciones disciplinarias más severas.

Se dictará sentencia de conformidad.

---

*Reglamento de abogados y abogadas de oficio en procedimientos de naturaleza criminal*, 4 L.P.R.A. Ap. XXVIII, R. 13(c). Sin embargo, correspondencia posterior y las llamadas que recibiera de los padres del señor Rivera Ruiz claramente alertaron a la licenciada de su designación, por lo que debió haber realizado las gestiones necesarias para constatar si, en efecto, el tribunal la había designado como representante legal del apelante.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Yadira Hance Flores                    CP-2011-0018

SENTENCIA

San Juan, Puerto Rico, a 17 de septiembre de 2015

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, los cuales se incorporan íntegramente a la presente, se dicta Sentencia y se censura enérgicamente a la Lcda. Yadira Hance Flores por su conducta violatoria de los Cánones 1, 9, 12 y 18 del Código de Ética Profesional.

Se le apercibe, sin embargo, que incurrir en conducta similar en el futuro acarreará la imposición de sanciones disciplinarias más severas.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.


María I. Colón Falcón
Secretaria del Tribunal Supremo, Interina