EL PUEBLO DE PUERTO RICO, recurrido, *v.* JOSÉ A. MORALES, imputado, y MARÍA DE LOS A. COLOM BÁEZ, *Ex parte,* peticionaria.

*Número:* CC-1999-336          *Resuelto:* 21 de enero de 2000

*Luis R. Lugo Emanuelli*, abogado de la parte peticionaria; *Eva S. Soto Castelló, Procuradora General Auxiliar*, abogada de El Pueblo.

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

I

En virtud del Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal, 4 L.P.R.A. Ap. XXVIII,([1]) el 26 de octubre de 1998, la Región Judicial de Fajardo efectuó un sorteo público para establecer el orden de asignación. Utilizó como base un listado de abogados de 22 de octubre de 1998, preparado por el presidente de la delegación, Lcdo. Máximo Molina Fragosa. La licenciada Colom Báez —admitida a la profesión desde el 26 de junio de 1987— no estaba en el listado ni participó en el sorteo; por consiguiente, no formó parte de la lista oficial, así preparada el 26 de octubre.([2])

Sin embargo, el 31 de marzo de 1999, se emitió la Orden Administrativa enmendada Núm. 99-1,([3]) la cual excluyó abogados —algunos activos— pertenecientes a la delegación de Fajardo que estaban en la referida lista de 26 de octubre de 1998; *incluyó por vez primera a la licenciada Colom Báez y la colocó en tercer turno.*

Así las cosas, el 7 de abril se le notificó a la licenciada Colom Báez la orden del Tribunal de Primera Instancia, Subsección de Distrito, Sala de Fajardo, Luquillo (Hon. De Jesús Collazo, Juez), en la cual *era designada abogada de*

---

([1]) Este reglamento fue aprobado el 30 de junio de 1998 en virtud de nuestra facultad inherente para reglamentar la profesión de la abogacía y establecer un sistema uniforme que evite la posibilidad de arbitrariedad en la asignación de representación legal de oficio, que por mandato constitucional debe proveérsele a los indigentes.

Su génesis la encontramos en *Ramos Acevedo v. Tribunal Superior*, 133 D.P.R. 599 (1993). Allí sostuvimos la constitucionalidad de la obligación de que *todo abogado* preste servicios profesionales gratuitos a acusados indigentes. Creamos un esquema *tentativo* que sirvió de guía al Comité —constituido mediante la Resolución de 18 de junio de 1993— que oportunamente estudió y nos formuló un informe con recomendaciones reglamentarias para la asignación de abogados de oficio en casos criminales.

([2]) Acta suscrita por la Hon. Magalie Hosta Modestti, Jueza Administradora del Tribunal de Primera Instancia, Región Judicial de Fajardo, que contenía las incidencias del sorteo.

([3]) Notificada al Presidente de la Delegación de Fajardo el 7 de abril.

*oficio en varios casos criminales*,[4] así como una vista preliminar que se celebraría el 20 de abril. El 12, Colom Báez presentó una moción para informar reparo a designación como abogada de oficio en procedimientos de naturaleza penal. Pidió ser relevada de dicha representación, aduciendo razones éticas y profesionales fundamentadas en nunca haber asistido a persona alguna en casos de naturaleza penal; no practicar el Derecho Criminal, sólo Civil, y otros motivos fundados en principios profesionales y personales. *Se puso a disposición del tribunal para representar de oficio a indigentes en casos no criminales.*

El 14 de abril, el Tribunal de Primera Instancia, Región Judicial de Fajardo (Hon. Hosta Modestti, Juez), *se declaró sin jurisdicción.* El 20 de abril la licenciada Colom Báez, a tenor con la Regla 32 del mencionado Reglamento, 4 L.P.R.A. Ap. XXVIII, acudió al Tribunal de Circuito de Apelaciones en *certiorari* y solicitó un auxilio de jurisdicción. Dicho foro (Hons. Miranda de Hostos, Rivera Pérez y Rodríguez García, Jueces), denegó el recurso. Inconforme, acudió ante nos[5] y acordamos expedir. En síntesis, alega se infringió la Regla 9 del Reglamento para la Asignación

---

[4] *Pueblo de P.R. v. José A. Morales*, VP99–271 y VP99–273.

[5] Señala:

"A. Erró el Tribunal de Circuito de Apelaciones, Región Judicial VII de Carolina/Fajardo, al resolver que no se violó la Regla 9 del *Reglamento Para La Asignación De Abogados O Abogadas De Oficio En Procedimientos De Naturaleza Penal, ante,* al incluir a la peticionaria en las listas y asignarle como abogada de oficio, habiéndose hecho dicha inclusión y designación de manera arbitraria y discriminatoria, perjudicándola esta conducta.

"B. Erró el Tribunal de Circuito de Apelaciones, Región Judicial VII de Carolina/Fajardo, al resolver que no se violó la Regla 22(c) del *Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal, ante,* al hacerse la designación de la peticionaria como abogada de oficio, sin atender sus reparos, en violación al debido proceso de ley y el derecho a ser oída.

"C. Erró el Tribunal de Circuito de Apelaciones, Región Judicial VII de Carolina/Fajardo, al resolver que, por virtud del Canon 1 de Ética Profesional, la peticionaria estaba obligada a representar al acusado, poniendo a ésta en riesgo de violar el Canon 18 de Ética Profesional, lo cual provoca un choque ético y conflicto en la aplicación de ambos cánones, exponiéndola al riesgo de incurrir en conducta sancionable por este Tribunal e incurrir en responsabilidad civil ante terceros, todo esto contrario a lo resuelto en el caso de *Ramos Acevedo v. Tribunal Superior*, Op. de 14 de junio de 1993, 133 D.P.R. 599 (1993), 93 C.D.T. 99." Recurso de *certiorari*, pág. 7.

de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal, 4 L.P.R.A. Ap. XXVIII, al incluirse en la lista y designarse como abogada de oficio de forma arbitraria y caprichosa; violación a la Regla 22(c) del mismo Reglamento, 4 L.P.R.A. Ap. XXVIII, al desatenderse sus reparos en violación al debido proceso de ley, y conflicto ético al obligársele a representar casos criminales.

## II

En su primer señalamiento, la licenciada Colom Báez plantea que las modificaciones a la lista de 26 de octubre de 1998 se hicieron contra la Regla 9 del Reglamento, *supra*, pues no había terminado el año fiscal 1998–1999, no incluyó todos los nombres de la lista anterior ni todos los abogados de la Delegación de Fajardo incluidos en la original y, se le situó en el tercer turno, no al final como correspondía. Aduce que esa inclusión y eventual designación es ilegal, contraria a derecho, arbitraria y caprichosa. *No tiene razón.*

La Regla 9 del Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal, *supra*, rectora de la *modificación de listas*, provee:

> A comienzo de cada año fiscal, el presidente de la Delegación del Colegio de Abogados someterá al Juez Administrador o a la Jueza Administradora los nombres de nuevos abogados o abogadas que cualifiquen para actuar como abogados o abogadas de oficio en su región y de los abogados o abogadas de oficio de otras regiones que se hayan integrado a su región judicial. Estos se colocarán al final de la lista en el orden sugerido por la Delegación del Colegio de Abogados.
> Cuando un abogado o una abogada de oficio cambie de región judicial, deberá notificarlo al Juez Administrador o a la Jueza Administradora para que se excluya su nombre de la lista de abogados o abogadas de oficio de esa región. Antes de hacer efectiva dicha exclusión, el abogado o la abogada deberá demos-

trar que ha sido incluido en la lista de abogados o abogadas de oficio de la región judicial a la que se ha integrado.

■ Su propósito es mantener actualizados los listados anualmente y así dar oportunidad a los nuevos abogados de integrarse con protitud. Establece como parámetro temporal el comienzo de cada año fiscal; no obstante, la regla no especifica fecha cierta (día exacto) para que el presidente de la delegación concernida someta los nuevos nombres. El comentario nos dice que el objeto es que los nuevos abogados "sean integrados prontamente". Informe y Reglamento del Comité Asesor sobre Asignación de Abogados de Oficio en Causas Criminales, pág. 44. En vista de ello la frase "a comienzo de cada año fiscal" pauta un *término directivo* afianzado sobre el criterio de prontitud a atemperarse con las necesidades de los calendarios judiciales.

En vista de que era la primera vez que se implementaba el Reglamento, no consideramos que el término de casi cuatro (4) meses fuera irrazonable ni viciara de nulidad *ab initio* dicha lista. Aclaramos que en el futuro esa gestión de los presidentes de las delegaciones de abogados debe realizarse en el período más cercano al comienzo de cada año fiscal. En términos temporales, el momento cuando se enmendó el listado no convirtió en ilegal, arbitraria ni caprichosa la inclusión de la licenciada Colom Báez.

■ La omisión de no haberse incluido todos los nombres de los abogados que estaban en la lista anterior y los abogados de la Región de Fajardo puede afectar, más bien de modo indirecto, su inclusión, pero no tiene tampoco el alcance de invalidarla. Sin embargo, los directivos de las diferentes regiones judiciales deben estar conscientes que la máxima eficiencia y los beneficios del programa de designación depende que se cumplan los requisitos reglamentarios para la confección y enmienda de los listados.

■ El planteamiento de que correspondía incluir a la

licenciada Colom Báez al final del listado, no en el tercer turno, pasa por alto que dicho orden aplica *a los abogados provenientes de otras regiones*; la regla presupone que ya han rendido servicios *pro bono* en sus regiones de origen. Véase Íd., pág. 44. La licenciada Colom Báez no provenía de otra región judicial, sino que formaba parte de la demarcación perteneciente a la Delegación de Fajardo, por lo que no tenía que ubicársele al final de la lista. En ausencia de una clara arbitrariedad, la ausencia de guías para ubicar en la lista de los abogados a aquellos que están en situación análoga a la licenciada Colom Báez, deja a la *sana y justa discreción* de la Delegación determinarlo.

## III

Superados los señalamientos técnico-reglamentarios, evaluemos el reclamo medular de la licenciada Colom Báez de que su designación como abogada de oficio violó su derecho al debido proceso de ley al no atenderse sus reparos.

Ciertamente la Regla 22(c) del Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal, *supra*, establece, en lo pertinente, que "[l]uego de que se haya determinado que la persona es indigente, el tribunal le asignará como abogado o abogada de oficio a aquel o aquella cuyo nombre esté en turno en la lista correspondiente. Para determinar si en el caso específico el abogado o la abogada próximo en la lista debe ser nombrado o no, *el juez deberá tomar en consideración [una serie de factores, entre ellos]*(6) ... *[e]l reparo que pueda levantar el abogado o la abogada designado a repre-*

---

(6) Los elementos provistos por la Regla 22 del Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal, 4 L.P.R.A. Ap. XXVIII, son:

"(a) La complejidad particular o conocimiento especializado necesarios para atender el procedimiento de naturaleza penal ante su consideración.

"(b) El período de tiempo que tomará el proceso y el calendario de señalamientos cercanos del abogado o la abogada a ser designado o designada.

*sentar a la persona imputada, ya sea por principios profesionales o personales".* (Énfasis suplido.)

La regla guarda silencio sobre la forma y el momento en que el Juez considerará tales factores. Sin embargo, la lógica e imperativo del debido proceso de ley nos llevan a concluir en favor de un *trámite previo* a la designación de abogados de oficio para considerar esas circunstancias. *Primero,* imprimiríamos sentido pragmático a la disposición reglamentaria que provee que los abogados puedan, en casos particulares, exponer *oportunamente* sus reparos. Otra conclusión impediría, por un lado, que el Juez que lo designó sopesara los factores de la regla y del otro, que el abogado pudiera expresarse ante dicho foro. La Regla 32(⁷) que concede jurisdicción para revisar *las designaciones de abogados de oficio al Tribunal de Circuito de Apelaciones* parte del supuesto de finalidad. *Segundo,* es anticipable que ese trámite previo evitará al abogado incurrir innecesariamente en gastos de recursos económicos y tiempo al tener que acudir al Circuito de Apelaciones a exponer sus reparos y revisar la determinación del tribunal de instancia. *Tercero,* aunque la Regla 32 del

"(c) El reparo que pueda levantar el abogado o la abogada designado a representar al imputado, ya sea por principios profesionales o personales.

"(d) La oposición que pueda levantar la persona imputada a la designación. En este caso el tribunal celebrará una audiencia para recibir la prueba que sostenga la oposición. Cuando la intimidad la persona imputada o el derecho a juicio imparcial así lo requiera, la audiencia podrá celebrarse en privado."

(⁷) *"Regla 32. Revisión de determinaciones sobre asignación de abogados de oficio y sobre compensación y pago por servicios y gastos de litigación.*

"Cualquier abogado o abogada que reclame que su inclusión o exclusión de las listas o que su asignación como abogado o abogada de oficio en un caso específico fue hecha de manera arbitraria o discriminatoria, podrá acudir ante el Tribunal de Circuito de Apelaciones que corresponda, según lo dispuesto por la Ley de la Judicatura de 1994, ... mediante petición *ex parte,* presentada dentro del término de diez (10) días a partir de la fecha en que fue notificado de la determinación que impugna.

"Cualquier abogado o abogada de oficio que reclame que el juez o la jueza que lo designó para un caso en específico, o cualquier otro funcionario del tribunal, ha actuado de manera arbitraria o discriminatoria en relación con cualquier asunto cubierto por este [reglamento], y que esta conducta le ha perjudicado, podrá acudir ante el Tribunal de Circuito de Apelaciones mediante *certiorari.* [La presentación de tal recurso ante el Tribunal de Circuito de Apelaciones no interrumpirá los procedimientos en progreso ante el foro correspondiente]." 4 L.P.R.A. Ap. XXVIII, R. 32.

Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal, *supra*, expresa —*lo que es norma general*— que la presentación del *certiorari* al foro apelativo no interrumpe los procedimientos en instancia, lo cierto es que su expedición paraliza —salvo que otra cosa se disponga— lo cual potencialmente puede afectar los derechos del acusado.

Precisamente ese es el reclamo ante nos de la licenciada Colom Báez: advino en conocimiento de que era representante legal en un caso penal, *luego de su designación,* lo que le privó del derecho a exponer sus reparos. Una vez designada, como pareció estimarlo el Tribunal de Primera Instancia, no podía —según una interpretación literal del Reglamento— revisar su determinación; a juicio suyo, correspondía al Tribunal de Circuito de Apelaciones.

## IV

Finalmente, la licenciada Colom Báez expone sus reparos para asumir la representación legal designádale. Argumenta que asumir representación del caso criminal, área con la cual no está familiarizada —carece de experiencia y las destrezas que requieren su trámite— la llevaría inexorablemente a violar el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Además la expondría a una responsabilidad civil frente a sus representados.

En *Ramos Acevedo v. Tribunal Superior,* 133 D.P.R. 599 (1993), medió criterio unánime al respecto, y expresamos que ordenar a abogados inexpertos en la práctica criminal a asumir representación en casos penales, los obligaría a infringir el citado Canon 18 que exige *al abogado competencia al asumir la representación de una causa.* Véanse: *In re Vélez Valentín,* 124 D.P.R. 403 (1989); *In re Acosta Grubb,* 119 D.P.R. 595 (1987); *Colón Prieto v. Géigel,* 115 D.P.R. 232 (1984). *En esas circunstancias, el*

*abogado puede objetar y rechazar una designación por tales motivos.*

Al respecto, la licenciada Colom Báez, consciente de su deber ético de ofrecer representación legal gratuita a los menesterosos —obligación moral que vincula y es responsabilidad de toda la profesión legal— se puso a la disposición del tribunal de instancia para llevar causas no penales de indigentes.

En atención a esta circunstancia y a la de otros abogados activos en situaciones similares —hasta que se disponga de otro modo— las delegaciones del Colegio de Abogados y los Jueces Administrativos de las diferentes regiones judiciales deben mantener un registro *ad hoc* paralelo con los nombres de abogados que, por razones válidas, sean dispensados por los tribunales de prestar servicio profesional de naturaleza penal. *Los abogados incluidos en este registro podrán estar sujetos a prestar gratuitamente servicios legales en casos relacionados con las personas indigentes.*