EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Proyecto de Reglamento para el Manejo de Fondos Cualificados de Clientes en Cuentas de Fideicomiso para Servicios Legales | 2019 TSPR 38<br><br>201 DPR ____ |

Número del Caso: ER-2019-01

Fecha: 1ro de marzo de 2019

Materia: Resolución del Tribunal.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Proyecto de Reglamento para el
Manejo de Fondos Cualificados
de Clientes en Cuentas de
Fideicomiso para Servicios
Legales

ER-2019-01

RESOLUCIÓN

En San Juan, Puerto Rico, a 1 de marzo de 2019.

En virtud del poder inherente de este Tribunal para reglamentar la profesión de la abogacía en Puerto Rico y en concordancia con la normativa ética relacionada a la obligación de prestar servicios legales gratuitos a personas indigentes,[1] reconocemos la importancia de continuar con el desarrollo de iniciativas para fomentar el acceso a la justicia, particularmente, de las personas en condiciones de vulnerabilidad.

Un mecanismo de probada efectividad para lograr este objetivo ha sido la implementación de los programas IOLTA ("Interest on Lawyers Trust Accounts") a nivel estatal en los Estados Unidos. Mediante estas cuentas IOLTA se subvencionan programas a través de los cuales se ofrecen servicios legales a personas que no cuentan con los recursos para sufragar representación legal privada o miembros de comunidades pobres a quienes se le dificulta el igual acceso a la justicia.

---

[1] Véase Canon 1 del Código de Ética Profesional, 4 LPRA Ap. IX. Véase, además, *Pueblo v. Morales*, 150 DPR 123 (2000); *Ramos Acevedo v. Tribunal Superior*, 133 DPR 599 (1993).

El primer programa IOLTA lo estableció la Corte Suprema de Florida en 1978, utilizando como base para su confección los modelos correspondientes a programas instituidos en varias jurisdicciones de Canadá y Australia. Actualmente, todos los estados de los Estados Unidos, las Islas Vírgenes y Washington D.C. han adoptado programas IOLTA. En su mayoría, estos programas se han creado mediante orden del tribunal de mayor jerarquía de la jurisdicción. Como excepción, en California, Connecticut, Maryland, Nueva York y Ohio los programas IOLTA se crearon inicialmente por la vía estatutaria.

La *American Bar Association* (ABA) ha apoyado de forma consecuente a los programas IOLTA. Desde el 1983, el *Board of Governors* de esta institución manifestó su aprobación a la utilización por parte de los estados de los programas IOLTA. Igualmente, en 1991, un grupo de sus delegados (*House of Delegates)* reiteró dicho apoyo.

La Regla 1.15 de las Reglas Modelo de Conducta Profesional de la ABA regula específicamente el manejo de fondos del o de la cliente o de una tercera persona. Como principio general, establece que todo abogado o toda abogada debe mantener en una cuenta separada a la suya los fondos que el o la cliente o una tercera persona le entregue en conexión a una representación legal; y un registro completo sobre las cuentas en las que haya depositado fondos de sus clientes, el cual deberá preservar por un periodo de cinco (5) años luego de culminada la representación legal. Sin embargo, no establece una obligación expresa del abogado o de la abogada de abrir una cuenta IOLTA cuando reciba fondos de su cliente sobre los cuales no tenga expectativa de generar ingresos. En consecuencia, cada uno de los estados de los Estados Unidos regula este asunto de forma particular, ya sea mediante enmienda al ordenamiento ético o adopción de reglamentación independiente por parte del Máximo Foro de la jurisdicción.

El Canon 23 de Ética Profesional tampoco anticipa la creación y mantenimiento de este tipo de cuentas de clientes por tratarse de una iniciativa proliferada con posterioridad a la adopción de nuestro Código de Ética Profesional. Empero, la primera declaración de política pública respecto a IOLTA se estableció mediante la Ley Núm. 165-2013, según enmendada. Ésta dispone que a los abogados, las abogadas y los bufetes de Puerto Rico deberán mantener cuentas IOLTA de los depósitos cualificados, con el objetivo de proveer recursos "a organizaciones sin fines de lucro que provean representación legal gratuita en casos de naturaleza civil, de familia y administrativo a personas de escasos recursos económicos a tenor de los estándares federales de pobreza"; así como "a organizaciones sin fines de lucro que brinden asesoría y asistencia legal para la prevención de

ejecuciones hipotecarias residenciales a personas de escasos recursos".

Ante el desarrollo de esta iniciativa en otras jurisdicciones y en Puerto Rico, encomendamos al Secretariado de la Conferencia Judicial y Notarial (Secretariado) la preparación de una propuesta de reglamentación que estableciera los parámetros aplicables al manejo de fondos de clientes sobre los cuales no exista expectativa de generar ingresos.

En cumplimiento con esta encomienda, tras realizar un exhaustivo estudio de derecho comparado, oportunamente, el Secretariado nos presentó un Proyecto de Reglamento para el Manejo de Fondos Cualificados de Clientes en Cuentas de Fideicomiso para Servicios Legales (Proyecto de Reglamento).

Esencialmente, el Proyecto de Reglamento propone el esquema normativo, las guías y los parámetros para el manejo de las cuentas IOLTA en nuestra jurisdicción. Su propósito central es permitir que los abogados, abogadas u oficinas legales sujetas al cumplimiento de la eventual reglamentación en Puerto Rico que tenga en su poder dineros pertenecientes a clientes, potenciales clientes o terceras personas, como resultado de una relación fiduciaria y sobre los cuales tales personas no tengan expectativa de generar ganancias netas, puedan cumplir con la obligación de crear y mantener una cuenta IOLTA en una institución depositaria. De igual manera, el Proyecto de Reglamento adopta el concepto de dependencia o entidad delegada, cuya misión principal sea facilitar y ampliar la disponibilidad de fondos recurrentes a entidades sin fines de lucro para el ofrecimiento de servicios legales a personas indigentes. La designación de esta dependencia o entidad recaería sobre el Tribunal Supremo.

Examinado el marco normativo propuesto por el Secretariado, y a tono con su recomendación, este Tribunal considera adecuado que, antes de evaluar los méritos del Proyecto de Reglamento, se autorice su publicación para que se someta a un proceso de consulta. Éste será descargado por el Secretariado mediante indagación puntual de asuntos técnicos validados con personas representantes de los grupos relacionados a la ejecución y cumplimiento de la propuesta reglamentación. A tales efectos, se faculta al Secretariado para coordinar y celebrar reuniones con representantes de la Fundación Fondo de Acceso a la Justicia (FFAJ), entidades bancarias, cooperativas, así como entidades profesionales de abogados y abogadas, entre otros.

La publicación que mediante esta Resolución se autoriza permitirá, además, que los y las miembros de la comunidad

jurídica y personas interesadas se comuniquen con el Secretariado para ofrecer recomendaciones.

Con el propósito de asegurar una divulgación efectiva, se ordena a la Directora del Secretariado a que, con la colaboración de la Oficina de Prensa de la Oficina de Administración de los Tribunales, implemente un plan de trabajo a tono con las instrucciones y las facultades aquí delegadas.

Se le concede al Secretariado hasta el 12 de agosto de 2019 para presentar un Proyecto de Reglamento revisado con el beneficio del insumo recibido durante la consulta. Será en ese momento que este Tribunal pasará juicio sobre el Proyecto de Reglamento del Secretariado y estará en posición de emitir una determinación final sobre el particular. Confiamos que este proceso aportará a la formulación de una reglamentación que redunde en la adecuada implementación de las cuentas IOLTA en nuestra jurisdicción.

Notifíquese al Director Administrativo de los Tribunales, a la Directora del Secretariado de la Conferencia Judicial y Notarial y al Director de la Oficina de Prensa de la Oficina de Administración de los Tribunales.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo