Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| DANIEL RIVERA COLÓN<br><br>Peticionario<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, y otros<br><br>Recurridos | KLCE202400418 | Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso núm.: PO2023CV03169<br><br>Sobre: Violación de Derechos Civiles, Daños |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 19 de abril de 2024.

Comparece ante este tribunal apelativo, por derecho propio e *in forma pauperis*,[1] el Sr. Daniel Rivera Colón (el señor Rivera Colón o el peticionario) mediante el escrito intitulado *Apelación* y nos solicita que revoquemos la *Resolución de Solicitud de Abogado Oficio* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), el 8 de marzo de 2024, notificada ese mismo día. En dicho dictamen, el foro primario declaró *No Ha Lugar* a la solicitud de representación legal presentada por el peticionario.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* solicitado y revocamos el dictamen recurrido.

### I.

El 16 de octubre de 2023, el señor Rivera Colón instó una demanda sobre violación de derechos civiles y daños físicos y emocionales en contra del Departamento de Corrección y

---

[1] Declaramos *Ha Lugar* la petición.

Número Identificador
SEN2024 _____

Rehabilitación y otros codemandados (la parte recurrida).[2] Alegó el peticionario que, mientras estaba recluido en la institución Ponce 1,000, fue agredido por un Sargento y un Oficial, y posteriormente fue trasladado a la Sala de Emergencia de la institución por el fuerte dolor. Por dicho acto solicitó una indemnización de $175,000; así como las condiciones y remedios, justos y necesarios, para reparar el perjuicio causado a su persona.

En lo aquí pertinente, el 7 de marzo de 2024 el peticionario presentó el escrito titulado *Notificación; y Solicitud de Representación Legal* donde adujo que entiende que no tiene el conocimiento necesario para cumplir con los criterios para autorepresentarse.[3] Asimismo, indicó que no conoce cómo atender las órdenes emitidas por el TPI, ni sabe qué hacer para oponerse a lo solicitado por la parte recurrida.

Analizado el referido pedido, y al otro día, el foro *a quo* emitió y notificó la *Resolución de Solicitud de Abogado Oficio* recurrida en la que expresó:[4]

> En Puerto Rico se ha establecido el derecho a representación legal en el ámbito legal. En el ámbito civil, no se ha reconocido a los litigantes el derecho a asistencia de abogado. Lizarríbar v. Martínez Gelpí, 121 D.P.R. 770 (1988). Ello dado que, en la esfera civil, por lo general, los intereses afectados no gozan de la misma jerarquía o no revisten de ordinario la misma importancia que en la esfera penal. Id. Más tarde la jurisprudencia reiteró que no existe un derecho constitucional a tener representación legal durante un pleito civil. *Meléndez v. Caribbean International,* 151 D.P.R. 649 (2000).
>
> La naturaleza civil de este pleito no es una de las cuales se haya reconocido el derecho a la asignación de representación legal y no se enmarca en las instancias bajo las cuales se pueden establecer por directriz por la Oficina de los Tribunales de conformidad con el Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico, según enmendado.
>
> De conformidad con lo antes expresado este Tribunal declara No Ha Lugar la moción presentada por el demandante.

---

[2] Este documento no fue incluido en el apéndice, por lo que lo obtuvimos del Sistema Unificado de Manejo Unificado de Manejo y Administración de Casos (SUMAC).

[3] *Íd.*

[4] *Íd.*

....

Inconforme con el dictamen, el peticionario acude ante este foro apelativo imputándole al foro primario haber errado en no asegurarse que cumple con los requisitos para autorepresentarse, esto al entender que carece del conocimiento para dilucidar su reclamo de violación de los derechos. Además, señala que dicho proceder atenta contra el debido proceso de ley consagrado en la Constitución.

Analizado el recurso y al tenor de la determinación arribada, resolvemos sin la comparecencia de la parte recurrida, según nos faculta la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B)(5).

## II.

### Auto de *Certiorari*

La Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo; y (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005); *Pueblo*

*v. Colón Mendoza*, 149 DPR 630, 637 (1999). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, supra, pág. 324; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016).

La Ley de la Judicatura, Ley núm. 201-2003, dispone en su Artículo 4.006 (b) que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. 4 LPRA sec. 24y (b).

La expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados por la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B. El tribunal tomará en consideración los siguientes criterios:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La precitada regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas anteriormente está presente en la petición de *certiorari*. De estar alguna presente, podemos ejercer nuestra discreción e intervenir con el dictamen

recurrido. De lo contrario, estaremos impedidos de expedir el auto, y, por tanto, deberá prevalecer la determinación del foro recurrido.

En síntesis, estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por otro lado, el ejercicio de las facultades de los tribunales de primera instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154 (2000).

**Derecho de representación legal**

Respecto al derecho de estar asistido de representación legal en los procesos criminales, nuestro más alto foro expresó en *Pueblo v. Rivera,* 167 DPR 812, 816 (2006), lo siguiente:

> La Sec. 11 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico garantiza que "[e]n todos los procesos criminales, el acusado disfrutará del derecho... a tener asistencia de abogado. . .". Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1999, pág. 327 (Sec. 11).
>
> Además del citado precepto constitucional, el derecho a una adecuada representación legal en los procedimientos criminales se ha consagrado como parte fundamental de la cláusula de debido proceso de ley. *Pueblo v. Ríos Maldonado*, 132 D.P.R. 146, 163 (1992).

Ahora bien, en el recurso ante nuestra consideración nos encontramos ante un caso de naturaleza civil. Sobre este particular, nuestra máxima *Curia* resolvió en *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 670 (2000), citando a *Lizarríbar v. Martínez Gelpí*, 121 DPR 770, 785 (1988), que en el ámbito de lo civil "no se reconoce el derecho de asistencia de abogado a los litigantes". Esto

es, ni siquiera existe un derecho a tener representación legal durante un pleito civil.

No obstante, advertimos que, en *Pueblo v. Morales*, 150 DPR 123, 133 (2000), nuestro más alto foro ordenó al Colegio de Abogados y a los jueces administradores de las diferentes regiones judiciales mantener un registro *ad hoc* con los nombres de abogados que no practiquen el derecho penal para que presten servicios legales gratuitos a personas indigentes en casos de naturaleza civil. Al respecto, decretó que:

> [. . .] -hasta que se disponga de otro modo-, las delegaciones del Colegio de Abogados y los Jueces Administrativos de las diferentes regiones judiciales deben mantener un registro *ad hoc* paralelo, con los nombres de abogados que, por razones válidas, sean dispensados por los tribunales de prestar servicio profesional de naturaleza penal. *Los abogados incluidos en este Registro podrán estar sujetos a prestar gratuitamente servicios legales en casos relacionados con las personas indigentes.*

A tenor con lo antedicho, el 12 de octubre de 2018, nuestro Tribunal Supremo aprobó el *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico,* 4 LPRA Ap. XXXVIII, (2022), el cual entró en vigor el 1 de enero de 2020.

En el Capítulo I de este cuerpo legal, intitulado ***Interpretación del Reglamento***, dispone la Regla 1, que: "Recae sobre el Estado el deber de garantizar el acceso a la representación legal a personas de escasos recursos económicos, como corolario al principio constitucional de igualdad ante la ley del Artículo II, Sección 1 de nuestra Constitución. Al amparo de este deber, se implementa un sistema de asignaciones de oficio para procedimientos de naturaleza civil y penal en los tribunales de Puerto Rico."

A su vez, la Regla 2 preceptúa que:

> ...
>
> ... Estas Reglas se interpretarán de forma que promuevan el acceso a los tribunales mediante la representación legal gratuita a personas de escasos

recursos económicos que cualifiquen como indigentes al amparo de las normas y los procedimientos establecidos en este Reglamento y de los criterios económicos establecidos por la Oficina de Administración de los Tribunales.

Nada de lo dispuesto en estas reglas **limita la discreción del tribunal de ordenar la asignación de oficio de un abogado o de una abogada para que represente a una persona indigente en un procedimiento judicial <u>no reconocido de forma expresa por este Reglamento si</u>, a juicio del tribunal, dicha asignación promueve la sana administración del sistema judicial y la equidad procesal entre las partes, como corolario al imperativo del acceso a la justicia**, conforme a los parámetros establecidos en este Reglamento. (Énfasis y subrayado nuestro)

Por su parte, y en lo aquí pertinente, la Regla 5 del Capítulo II intitulada ***Alcance del Reglamento: procedimientos judiciales aplicables*** establece que:

...

(b) *Procedimientos de naturaleza civil.* Este Reglamento aplicará a los procedimientos judiciales de naturaleza civil en los cuales se haya reconocido el derecho a la asistencia de abogado o abogada de una persona natural, así como a aquellos en los que estén implicadas las necesidades fundamentales del ser humano, los cuales incluyen, entre otros que se puedan establecer mediante directriz por la Oficina de Administración de los Tribunales los siguientes:

...

(c) *Discreción del tribunal.* De forma excepcional, este Reglamento también aplicará, a los procedimientos judiciales no reconocidos de forma expresa en los incisos (a) y (b) de esta regla cuando el tribunal **considere que ordenar la asignación de oficio promueve la sana administración del sistema judicial y la equidad procesal entre las partes, en aras de garantizar el acceso a la justicia**. Antes de proceder con la asignación de un abogado o una abogada de oficio al amparo de este inciso, el tribunal queda facultado para requerir a la parte indigente que demuestre las gestiones realizadas para obtener la representación legal de alguna entidad que ofrece servicios legales gratuitos y que tales servicios fueron denegados. (Énfasis nuestro)

(d) *Factores aplicables a las asignaciones en procedimientos de naturaleza civil.* Previo a la asignación de un abogado o abogada de oficio en un procedimiento judicial de naturaleza civil, el tribunal sopesará los factores siguientes:

(1) la capacidad de la persona indigente para representarse a sí mismo de manera adecuada en el caso;
(2) la renuncia voluntaria de la persona indigente a ejercer su autorepresentación;
(3) la inhabilidad de la persona indigente para obtener representación legal por otros medios, para lo cual acreditará al tribunal las gestiones realizadas para procurar dicha representación;

(4)     la naturaleza y complejidad de la controversia a adjudicarse, tanto legal como fáctica, incluyendo la necesidad de realizar una investigación de los hechos en controversia;

(5)     la viabilidad de una pronta disposición del asunto sin necesidad de asistencia de un abogado o una abogada para la persona indigente;

(6)     el potencial mérito de las reclamaciones según surge de las alegaciones, para lo cual se podrá considerar si la acción ha sido presentada previamente;

(7)     la etapa procesal en la que se encuentre el caso y el efecto que la asignación de oficio tendrá en su administración;

(8)     la probabilidad de que la asignación de oficio acorte el término del procedimiento judicial y asista en una justa determinación;

(9)     si la asignación de oficio promueve los intereses de la justicia y el interés público, y

(10)    cualquier otro factor que el Tribunal exprese que resulta apropiado conforme a las circunstancias particulares del caso en el balance de los factores antes enumerados.

En concordancia con el derecho antes expuestos, pasamos a considerar el recurso.

**III.**

En esencia, y como detallamos, el señor Rivera Colón planteó que el TPI erró al no asegurarse que él cumple con los requisitos para autorrepresentarse, en especial, al no tener el conocimiento necesario para dilucidar su reclamo de violación de los derechos en el tribunal. Asimismo, expuso que lo determinado milita en contra del debido proceso de ley consagrado en la Constitución.

De entrada, advertimos que, analizado el dictamen recurrido, a tenor con la Regla 52.1 de las de Procedimiento Civil, *supra*, colegimos que tenemos autoridad para atender este recurso, ya que el mismo reviste de interés público, y esperar a la apelación, constituiría un fracaso irremediable de la justicia. Asimismo, evaluado el auto de *certiorari* al palio de la Regla 40 de nuestro Reglamento, *supra*, colegimos que se encuentran presentes algunos de los criterios allí esbozados para su expedición. En especial, la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

Conforme al derecho esbozado, en particular, el *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico, supra,* es forzoso concluir que este cuerpo legal no impide la

asignación de un abogado de oficio por el solo hecho de que el pleito sea de naturaleza civil. Más bien, el propio Reglamento establece que la asignación puede efectuarse, de manera excepcional, en otros procedimientos judiciales no reconocidos expresamente en los incisos (a) y (b) de la Regla 5.

Por tanto, no podemos avalar la tajante decisión de denegar la representación legal de oficio al peticionario por el solo criterio que la **causa de acción civil** es una donde se reclama violación a derechos civiles, y daños físicos y mentales. Para situaciones como esta, es que el propio Reglamento, Reglas 2 y 5 inciso (c), le reconoce al tribunal que, en el ejercicio amplio de su discreción, considere ordenar la asignación de oficio siempre que se promueva la sana administración del sistema judicial y la equidad procesal entre las partes, en aras de **garantizar el acceso a la justicia**.  Esto, en procedimientos judiciales no contemplados expresamente en el Reglamento. Sobre este punto, no perdamos de perspectiva que, en nuestro ordenamiento jurídico, la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Lo anterior no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un uso excesivo de discreción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

Por otro lado, debemos enfatizar, además, que el Tribunal Supremo, al promulgar el *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico*, supra, diáfanamente dictaminó que el Estado tiene el deber de garantizar el acceso a la representación legal a personas de escasos recursos económicos como corolario del principio constitucional de igualdad ante la ley.

De igual manera, la Regla 5(d) del referido cuerpo de reglas preceptúa los múltiples factores que el tribunal sopesará para que

proceda la asignación de oficio en **procedimientos de naturaleza civil**. En este sentido, y recalcamos que el TPI tiene el deber, antes de tomar la determinación de autorizar o no la asignación, de cerciorarse que los criterios allí detallados y otros que a su entender deba considerar, están presentes o ausentes y a su vez que, en el análisis del balance de los mismos, procede o no la asignación de un abogado o abogada de oficio. Ello, no está presente en la determinación recurrida. Reiteramos que el foro *a quo* solamente fundamentó su denegatoria en que la naturaleza civil del pleito no está incluida en las instancias del Reglamento haciendo total abstracción de los motivos y los fines que persigue dicho cuerpo legal, según hemos discutido y esbozado en el derecho precedente.

## IV.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* solicitado y revocamos la *Resolución de Solicitud de Abogado Oficio* recurrida. En consecuencia, devolvemos el caso al foro primario para que evalúe la solicitud del peticionario según lo dispuesto en el *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico,* y emita una determinación fundamentada acorde con lo allí especificado y aquí discutido.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones