Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| | | |
|---|---|---|
| *Ex parte:*<br><br>CARLOS D. RODRÍGUEZ BONETA<br><br>- - - - - - - - - - - - - - - - - - - -<br>ELISEO SÁNCHEZ SANTANA y OTROS<br>    Demandantes<br><br>*v.*<br><br>BLANCA D. ALEJANDRO RAMOS y otros<br>    Demandada | TA2025CE00475 | *Certiorari* procedente del Tribunal de Primera de Instancias, Sala Humacao<br><br>Caso Núm. LP2022CV00203 cons. HU2023CV00361<br><br>Sobre:<br>Daños y Otros |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 20 de octubre de 2025.

a.

Limitándonos a ofrecer un recuento procesal sobre los datos pertinentes a la controversia que nos ha tocado dirimir, el 27 de septiembre de 2024, el Tribunal de Primera Instancia (TPI), emitió una "Orden para la Asignación de Abogado(a) de Oficio o Abogado(a) Auxiliar", notificada el 30 de septiembre de 2024, mediante la cual asignó al Lcdo. Carlos D. Rodríguez Boneta (licenciado Rodríguez Boneta o peticionario), como abogado de oficio del Sr. Tiburcio Morales Marcano.

Eventualmente, el 28 de julio de 2025, el peticionario presentó ante el foro primario una *Solicitud de Certificación de Horas, Pago de Honorarios y/o Rembolso de Gastos Razonables por Servicios Legales Prestados en el Panel de Abogados y Abogadas*

*Voluntarios(as),* (Modelo M 63). En específico, el licenciado Rodríguez Boneta solicitó que el TPI certificara 32.75 horas de oficio prestadas durante el mes de febrero del año fiscal 2024-2025, para lo cual, junto al modelo aludido, incluyó una *Factura por servicios legales panel de abogados y abogadas voluntarios(as),* consistente en una tabla donde se desglosaron distintas fechas, con relación a la descripción del servicio prestado y el tiempo invertido, cuyo total de honorarios por horas certificadas dio la suma de $2,620.00.

En respuesta, el 30 de julio de 2025, notificada el 8 de septiembre del mismo año, el tribunal *a quo* emitió una *Resolución para la certificación de horas y/o rembolso de gastos razonables,* (Formulario OAT-1859). Referente a lo que nos concierne, al llenar los recuadros provistos por el referido Formulario, el foro recurrido certificó un total de 15.75 horas de oficio, marcando un recuadro en el que se indica "según ajustadas por el Tribunal por los fundamentos expuestos en el formulario OAT 1942 *Determinación de ajuste del tiempo reclamado por servicios legales prestados y/o gastos razonables incurridos en la asignación de abogados(as) de oficio".* De esta manera, el foro recurrido ajustó las horas de oficio reclamadas por el licenciado Rodríguez Boneta de 32.75 a 15.75, descontando 17.00 horas de las reclamadas.

En desacuerdo con el ajuste efectuado por el TPI a las horas reclamadas, el licenciado Rodríguez Boneta acude ante nosotros mediante recurso de *certiorari,* señalando la comisión del siguiente error:

> ERRO EL TPI AL HABER EMITIDO UNA RESOLUCIÓN EN LA CUAL AJUSTÓ VARIAS HORAS RECLAMADAS POR EL ABOGADO SUSCRIBIENTE PARA EL MES DE FEBRERO DEL AÑO FISCAL 2024-2025 AL AMPARO DE LA REGLA 13 DEL REGLAMENTO PARA LA ASIGNACIÓN DE ABOGADOS Y ABOGADAS DE OFICIO DE PUERTO RICO SIN HABER HECHO EXPRESIÓN DE LOS FUNDAMENTOS SOBRE CUALES DESCANSO SU DETERMINACIÓN.

b.

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.*, 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra*, pág. 711.*

El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Municipio Autónomo de Caguas v. JRO Construction,* supra*, págs. 711-712; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por vía de excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a

privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra.* De ser así, entonces procede evaluar si a la luz de los criterios enumerados en la Regla 40[1] de nuestro Reglamento, 4 LPRA Ap. XXII-B, se justifica nuestra intervención. Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró,* supra.

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera Gómez v. Arcos Dorados P.R. Inc.*, 212 DPR 194 (2023).

---

[1]   A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
   B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
   C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
   D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberá ser elevados, o de alegatos más elaborados.
   E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
   F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
   G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

b.

El Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico se promulgó en virtud del poder inherente del Tribunal Supremo de Puerto Rico para reglamentar la profesión de la abogacía en Puerto Rico y establecer los procedimientos necesarios para facilitar la sana administración de la justicia. Véase Regla 1 del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, 12 de octubre de 2018, ER-2018-04, según enmendado, (el Reglamento). Asimismo, el Reglamento se elaboró de conformidad con el deber ético-profesional impuesto por el Código de Ética Profesional, según puntualizado en *Pueblo v. Morales*, 150 DPR 123 (2000), y como corolario del principio constitucional de igualdad ante la ley establecido en el Art. II Sección 1 de la Constitución de Puerto Rico. *Id.*

> El propósito del Reglamento es implementar un sistema para la administración uniforme de las asignaciones de oficio en los procedimientos de naturaleza civil y penal aplicables, el cual fomentará el trabajo pro bono y hará viable el cumplimiento de todo abogado con su responsabilidad ética de ofrecer servicios legales libre de costo a personas indigentes.

En lo pertinente a la controversia ante nuestra consideración, la Regla 13 del Reglamento dispone lo que sigue:

> Regla 13. Certificación de horas trabajadas por una asignación de oficio El abogado o la abogada de oficio deberá solicitar la certificación de las horas trabajadas de oficio no más tarde de 10 días del mes siguiente al que prestó el servicio. El abogado o la abogada presentará y desglosará todas las gestiones de oficio realizadas en el caso, con el detalle del número de horas trabajadas y la fecha de cada gestión.
> El tribunal revisará la razonabilidad de las horas trabajadas y excluirá las horas excesivas, redundantes o innecesarias. **Tomará en cuenta la novedad y dificultad de las controversias que, de ordinario, requieren más esfuerzo y dedicación por parte de los abogados y las abogadas. Además, deberá considerar otros criterios, tales como: la multiplicidad de las personas imputadas o acusadas y testigos, la complejidad de la evidencia científica o de los testimonios de las personas peritas o**

> **la cantidad de señalamientos judiciales necesarios para la solución del procedimiento**.
>
> **Evaluada la razonabilidad de la solicitud al amparo de estos criterios**, el tribunal ante el cual se prestó el servicio podrá aprobar, **ajustar**, o denegar las horas reclamadas, **expresando en una resolución los fundamentos sobre los cuales descansa su determinación**, dentro de los 5 días de recibida la solicitud. En la misma resolución, el tribunal certificará las horas trabajadas de oficio, cuando correspondan, y la fecha en que el tribunal asignó el caso de oficio. La resolución certificando las horas trabajadas se notificará al abogado o la abogada que presentó la solicitud.

(Énfasis y subrayado provistos).

c.

La contención principal del peticionario al dictamen recurrido es que, a pesar de haber presentado una factura por servicio brindado como abogado de oficio, en la que incluyó un desglose completo y detallado de las gestiones realizadas por cada gestión, mediante la *Resolución* recurrida el TPI decidió descontar un número considerable de dichas horas, sin expresar fundamento alguno para tal acción.

Tiene razón el peticionario.

Por una parte, el examen de la Regla 13 del Reglamento citada, establece con claridad la facultad que se le ha reconocido al Tribunal para, una vez presentada por un abogado de oficio la certificación requerida para el cobro de horas trabajadas, revisar la razonabilidad de lo facturado, excluir las horas excesivas, redundantes o innecesarias, y ajustar las horas reclamadas.

Por la otra parte, sin embargo, en la misma Regla 13 también se consignó sin ambages que el ajuste de la factura del abogado de oficio por parte del Tribunal está sujeto a un **ejercicio de razonabilidad,** regido por los siguientes criterios a considerar: la novedad y dificultad de las controversias; la multiplicidad de las personas imputadas o acusadas y testigos; la complejidad de la evidencia científica o de los testimonios de las personas peritas; la

cantidad de señalamientos judiciales necesarios para la solución del procedimiento.

Entonces, reflejo del ejercicio de razonabilidad requerido por la Regla 13 al Tribunal al hacer el ajuste a las horas reclamadas por el abogado de oficio, es la exigencia de que **emita una *resolución, en la que plasme los fundamentos sobre los cuales descansa su determinación***.

Aplicado lo expuesto al caso ante nuestra consideración, resulta evidente que del Formulario OAT-1859,[2] ni del OAT-1942,[3] surgen los fundamentos en que descansó el TPI al realizar el ajuste sobre las horas que alegadamente trabajó el peticionario como abogado de oficio. En específico, al verificar el espacio que ofrece el Formulario OAT-1942 para fundamentar los gastos reclamados, el Tribunal se limitó a redactar *No se autoriza* o *No ha lugar*, sin incluir un mínimo de explicación para sustentar su determinación. Tal omisión incumple con el ejercicio de razonabilidad que exige la Regla 13 citada del Reglamento, al Tribunal ajustar o denegar los gastos reclamados por un abogado de oficio. Por causa de ello, estamos impedidos de verificar si el foro primario utilizó los criterios que ordena la Regla 13 al ajustar los gastos reclamados por el peticionario.

Por tanto, el error señalado fue cometido. Aunque reiteremos, la Regla 13 del Reglamento para la asignación de abogados de oficio de Puerto Rico requiere que, cuando, como en este caso, el Tribunal ajuste las horas reclamadas por un abogado de oficio, consigne los fundamentos para tal determinación, ejercicio que en este caso fue omitido. A tenor, procede expedir el auto de certiorari solicitado para ordenar al TPI a cumplir con la consignación de los fundamentos para el ajuste realizado.

---

[2] Apéndice III del recurso de *certiorari*.
[3] Id.

**Parte dispositiva**

Por las razones explicadas, se expide el auto de *certiorari* solicitado y se ordena al Tribunal de Primera Instancia a que consigne los fundamentos por los cuales ajustó las facturas por trabajos realizados presentadas por el peticionario como abogado de oficio.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones