Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| ROLANDO BARREIRO VÁZQUEZ<br><br>Peticionario<br><br>Vs.<br><br>OFIC. RODRÍGUEZ #1186 Y OTROS<br><br>Recurridos | KLCE202401229 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2024CV03747<br><br>Sobre: VIOLACIÓNES DE DERECHOS CIVILES |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

### SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 11 de febrero de 2025.

Comparece la parte peticionaria, el señor Rolando Barreiro Vázquez, por derecho propio y solicita la revisión de varias órdenes emitidas por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

En un inicio desestimamos el recurso incoado por falta de jurisdicción debido al incumplimiento de la parte peticionaria con nuestro reglamento. Dejamos sin efecto la Sentencia emitida el 21 de enero de 2025 y acogemos el alegato presentado por el peticionario después de emitida la sentencia primitiva.

Por tanto, resolvemos sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).

*-I-*

Según surge del expediente, el señor Romero Rodríguez está confinado en una institución correccional en el municipio de Bayamón. El peticionario presentó una demanda civil en contra de varios funcionarios del Departamento de Corrección y

Rehabilitación. El Tribunal de Primera Instancia ordenó al peticionario tramitar la comparecencia de un representante legal, y también impuso al peticionario una sanción de $40 por su incumplimiento con la anterior orden. Además, el foro primario emitió otras órdenes sobre el trámite procesal del caso.

Examinado el recurso, notamos que, adolecía de varios defectos en torno a los requisitos establecidos en el Reglamento del Tribunal de Apelaciones para la presentación eficaz de un recurso de *certiorari* ante este Tribunal.

Con el fin de rectificar estos defectos, concedimos una oportunidad a la parte peticionaria para corregirlos. Vencido el plazo establecido para atender las omisiones, el peticionario compareció mediante un escrito en el cual reiteró el contenido de su primer escrito. Sin embargo, los defectos señalados al peticionario persisten.

Por ello, mediante sentencia del 21 de enero de 2025 desestimamos el recurso presentado por incumplir con las reglas para perfeccionar un *certiorari*. Esto, a su vez, impedía la revisión en los méritos de la solicitud presentada por la parte peticionaria. No obstante, el peticionario compareció nuevamente mediante alegato escrito el cual acogimos como una reconsideración.

Como adelantamos, la parte peticionaria está inconforme con las órdenes emitidas por el Tribunal de Primera Instancia en el caso civil que presentó en contra de varios funcionarios del Departamento de Corrección y Rehabilitación.

Considerado el escrito del peticionario y el contenido del expediente procedemos a resolver.

### -II-

### -A-

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V; Regla 52.1, establece las circunstancias excepcionales en las que el

Tribunal de Apelaciones está facultado para atender, mediante recurso de *certiorari*, determinaciones interlocutorias del Tribunal de Primera Instancia. *Municipio Autónomo de Caguas v. JRO Construction, Inc.*, 201 DPR 703, 710 (2019); *Job Connection Center v. Sups. Econo*, 185 DPR 585, 594-595 (2012). La Regla 52.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Distinto al recurso de apelación, el Tribunal de Apelaciones tiene la facultad de expedir el auto de *certiorari* de manera discrecional por de ordinario tratarse de asuntos interlocutorios. *Municipio Autónomo de Caguas v. JRO Construction, Inc.*, *supra*, pág. 711. Sin embargo, nuestra discreción debe ejercerse de manera razonable, al procurar siempre lograr una solución justa. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

El delimitar la revisión a instancias específicas tiene como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corp.*, 202 DPR 478, 486–487 (2019); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2017). Cualquier controversia que no esté

dentro del ámbito de autoridad establecido en la regla, es revisable después de dictada la sentencia en el caso.

Por ello, ante una determinación interlocutoria no revisable mediante el recurso de *certiorari*, el único curso de acción es la desestimación del recurso por falta de autoridad para atenderlo.

*-B-*

El Tribunal Supremo ha expresado, en cuanto al concepto de jurisdicción, que es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Horizon Media Corp. v. Junta Revisora de Permisos,* 191 DPR 228, 233 (2014). A falta de jurisdicción, el tribunal carece de facultad legal para dirimir el problema que le ha sido planteado. Por tanto, si un tribunal determina que carece de jurisdicción, es su deber desestimar el recurso ante su consideración sin entrar en los méritos de la cuestión ante sí. *González Santos v. Bourns P.R.,* Inc., 125 DPR 48, 63 (1989).

La jurisdicción del Tribunal de Apelaciones es una limitada, ceñida a las disposiciones de las Reglas de Procedimiento Civil y el Reglamento del Tribunal de Apelaciones. Las partes tienen la responsabilidad de observar rigurosamente el cumplimiento de los requisitos reglamentarios para perfeccionar los recursos presentados ante la consideración del Tribunal Supremo y el Tribunal de Apelaciones. *M-Care Compounding v. Dpto. de Salud,* 186 DPR 159, 176 (2012). De entrada, señalamos que para que este Tribunal pueda revisar una decisión del Tribunal de Primera Instancia es esencial que el promovente acompañe copia del documento que recoge la decisión cuya revisión solicita. *Pueblo v. Rodríguez,* 167 DPR 318, 324 (2006).

El Reglamento del Tribunal de Apelaciones exige que toda solicitud de *Certiorari* presentada ante su consideración, incluya un apéndice con una copia literal de la decisión del foro primario y

de la notificación de su archivo en autos. *Pueblo v. Pacheco Armand,* 150 DPR 53, 58 (2000). Las Reglas 33 y 34 del referido reglamento establecen los requisitos de presentación, notificación y contenido con los que deben cumplir los peticionarios para el perfeccionamiento de un recurso de *Certiorari.* Las partes o el foro apelativo no pueden soslayar injustificadamente el cumplimiento del Reglamento del Tribunal de Apelaciones. *Morán v. Martí,* 165 DPR 356, 363-364 (2005).

Además, el Tribunal Supremo ha señalado que la marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto v. Uno Radio Group,* 189 DPR 84, 90 (2013).

Por otro lado, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 83 (B) y (C), le confiere autoridad al Tribunal para desestimar un recurso por cualquiera de las siguientes circunstancias:

(A) …

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) **que el Tribunal de Apelaciones carece de jurisdicción**;

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente. [Énfasis nuestro.]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones le concede la facultad a este Tribunal de, a iniciativa propia, desestimar un recurso cuando concluya que carece de jurisdicción para atenderlo. 4 LPRA Ap. XXII-B, R. 83 (C).

*-III-*

La parte peticionaria solicita la revocación de varias órdenes emitidas por el Tribunal de Primera Instancia. Primero solicita que dejemos sin efecto las sanciones impuestas por el foro primario por este no haber cumplido con una orden del tribunal. En específico el foro de primera instancia requirió a la parte peticionaria a comparecer por medio de representación legal.

La parte peticionaria también requiere de esta curia dejar sin efecto la orden de comparecer mediante representación legal. Asevera no poseer los recursos económicos para contratar a un abogado para su caso, y, añade que, sus esfuerzos para procurar un representante legal por vía de varias organizaciones sin fines de lucro no surtieron el efecto esperado.

A tenor con la Regla 52.1 de Procedimiento Civil, el recurso ante nos, no presenta una reclamación bajo las Reglas 56 y 57 de las de Procedimiento Civil. Tampoco constituye una denegatoria de una moción de carácter dispositivo. No involucra la admisibilidad de testigos de hechos o de peritos esenciales, ni asuntos relativos a privilegios reconocidos por nuestro derecho probatorio; ni tampoco una anotación de rebeldía ni asuntos de relaciones de familia. Véase, *Scotiabank de Puerto Rico v. ZAF Corporation, supra.*

La controversia tampoco reviste un asunto de interés público tal que justifique apartarnos de la política de revisión judicial limitada aplicable a asuntos interlocutorios. Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40; Véase, *Job Connection Center v. Sups. Econo*, supra, pág. 594; J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2^da ed., Pubs. J.T.S., 2011, T. IV, pág. 1503.

En el ámbito de un pleito civil, contrario a lo criminal, "no se reconoce el derecho de asistencia de abogado a los litigantes". *Lizarríbar v. Martínez Gelpí*, 121 DPR 770, 785 (1988). Nuestro ordenamiento civil carece de una disposición legal y/o reglamentaria que establezca taxativamente que un indigente goce de un derecho a la asignación de un abogado de oficio en casos de naturaleza civil. *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 670 (2000).

Las personas indigentes tienen la oportunidad de procurar entidades que provean representación legal gratuita en casos civiles o podrá ser asignado un abogado de oficio del Registro ad hoc de Abogados de la Práctica Civil que tiene que mantener el foro primario según *Pueblo v. Morales*, 150 DPR 123, 133 (2000). La determinación de si procede designar un abogado de oficio en determinado pleito civil depende de la sana discreción del tribunal que atiende el asunto, luego de evaluar los méritos del reclamo. *Íd.*

Como es sabido, los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando el foro recurrido haya incurrido en arbitrariedad o craso abuso de discreción. *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986); *Valencia, Ex parte*, 116 DPR 909, 913 (1986); *Ortiz Rivera v. Agostini*, 92 DPR 187, 193 (1965).

Nótese igualmente, que, la Regla 52.1 de Procedimiento Civil, *supra*, prohíbe la revisión mediante *certiorari* de resoluciones u órdenes interlocutorias salvo determinadas excepciones. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 594 (2011).

Por tanto, es forzoso concluir que no podemos intervenir con la resolución recurrida. *Scotiabank de Puerto Rico v. ZAF Corp.*, *supra*, pág. 494.

En consecuencia, concluimos, que, estamos ante un dictamen interlocutorio no revisable mediante *certiorari*, pues, no contiene los elementos excepcionales que nos permitan acogerlo y atenderlo.

Conforme a la normativa vigente, la parte peticionaria deberá canalizar el señalamiento de error mediante en el vehículo procesal correspondiente.

*-IV-*

Por todo lo cual, a la luz de los fundamentos expuestos, que hacemos formar parte de este dictamen, *desestimamos* el recurso de *certiorari* presentado por el señor Barreiro Vázquez por falta de jurisdicción.

*Notifíquese* al peticionario de esta *Resolución* en la institución correccional en la que se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones